Allison C. Eckstrom, SBN: 217255
allison.eckstrom@bclplaw.com
Bernice Diaz, SBN: 329246
bernice.diaz@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 100
Irvine, California 92614-7276
Telephone:    (949) 223-7000
Facsimile:     (949) 223-7100

Daria Dub Carlson, SBN: 150628
daria.carlson@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:    (310) 576-2100
Facsimile:     (310) 576-2200

Attorneys for Defendant Walgreen Co.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY ANN JULIAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO., a Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:20-cv-09446<br><br>(San Mateo County Superior Court Case No. 20-CIV-05044)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO. UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**(DIVERSITY JURISDICTION)**<br><br>*[Filed concurrently with Civil Cover Sheet; Certification of Interested Entities or Persons; Corporate Disclosure Statement; and Declarations of Daria Dub Carlson, Esq., Joseph B Amsbary, Jr.; Alicia Musgrove]* |

USA.602751801.3/IXJ

**NOTICE OF REMOVAL**

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walgreen Co. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Specifically, the individual claims alleged by Plaintiff Joy Ann Julian ("Plaintiff") are subject to removal based on diversity jurisdiction, insofar as the matter in controversy for such claims exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different States.

## PROCEDURAL BACKGROUND

1. On November 16, 2020, Plaintiff commenced a lawsuit against Defendant, alleging individual, class and representative claims in the Superior Court of the State of California for the County of San Mateo, entitled "*Joy Ann Julian, as an individual and on behalf of all others similarly situated, Plaintiff vs. Walgreen Co, an Illinois corporation; and Does 1 through 50, inclusive, Defendants*," Case No. 20-CIV-05044.

2. On December 2, 2020, Plaintiff served Defendant's agent for service of process, Corporation Service Company, with the following documents: (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; (d) Notice of Assignment for all Purposes, Designation as Complex Case, Setting of Case Management Conference and Complex Fees Due; (e) Appropriate Dispute Resolution Information Sheet; (f) ADR Stipulation and Evaluation Instructions; and (g) Stipulation and Order to Appropriate Dispute Resolution. A true and correct copy of the Summons is attached hereto as "**Exhibit 1**." A true and correct copy of the Complaint is attached hereto as "**Exhibit 2**." A true and correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 3**." A true and correct copy of the Notice of Assignment for all Purposes, Designation as Complex Case, Setting of Case Management Conference and Complex Fees Due is attached hereto as "**Exhibit 4**." A true and correct copy of the Appropriate Dispute Resolution Information Sheet is attached hereto as "**Exhibit 5**." A true and correct copy of the ADR Stipulation and Evaluation Instructions is attached

hereto as "**Exhibit 6**." A true and correct copy of the Stipulation and Order to Appropriate Dispute Resolution is attached hereto as "**Exhibit 7**."

3. On December 29, 2020, Defendant filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as "**Exhibit 8**."

4. Exhibits 1 through 8 to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

5. Plaintiff alleges the following causes of action against Defendant: (1) Violation of Labor Code § 201-203 [Class Claim]; (2) Violation of Labor Code § 226 [Class Claim]; (3) Violation of Labor Code § 2698, *et seq.* [Representative Claim]; (4) Unfair or Unlawful Business Practices [Class Claim]; (5) Disability Discrimination in Violation of the FEHA [Individual Claim]; (6) Pregnancy Discrimination in Violation of the FEHA [Individual Claim]; (7) Violation of the California Family Rights Act [Individual Claim]; (8) Violation of Gov't Code § 12945 [Individual Claim]; (9) Failure to Accommodate in Violation of FEHA [Individual Claim]; (10) Failure to Engage in the Interactive Process in Violation of the FEHA [Individual Claim]; (11) Retaliation in Violation of the FEHA [Individual Claim]; (12) Failure to Prevent Discrimination in Violation of the FEHA; (13) Wrongful Termination in Violation of Public Policy [Individual Claim]; (14) Intentional Infliction of Emotional Distress [Individual Claim].

## **REMOVAL IS TIMELY**

6. A case may be removed at any time, provided that neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

7. 28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

8. "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Amsbary v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The Complaint does not "reveal on its face the facts necessary for federal court

jurisdiction." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Amsbary*, 425 F.3d at 691–92). Specifically, it does not reveal on its face that the amount in controversy exceeds $75,000 for traditional diversity purposes.

9. 28 U.S.C. § 1441(b)(3) further provides, in pertinent part, that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

10. Plaintiff also never served Defendant with an "amended pleading, motion, order or other paper" sufficient to trigger the second 30-day clock. Indeed, Plaintiff has not served Defendant with any documents other than those attached to this Notice of Removal.

11. Because (a) neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered and (b) Defendant filed this Notice of Removal within 30 days of being served, Defendant's removal is timely.

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL BASED ON DIVERSITY JURISDICTION

12. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332, and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

### Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

13. **Plaintiff is A Citizen of California**. A person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Exhibit A to Plaintiff's Complaint includes a Complaint of Discrimination before the State of California Department of Fair Employment and Housing, which represents under penalty of perjury, at paragraph 2, that "Complainant Joy Ann Julian, resides in the City of Los Angeles, State of California." Further, Plaintiff alleges in the Complaint that she worked in Defendant's retail pharmacy in San Mateo

County, California from approximately February 20, 2018 to November 28, 2019. (Complaint, ¶ 5.) Throughout her employment with Defendant, Plaintiff indicated that she resided in California. (Declaration of Alicia Musgrove ("Musgrove Declaration"), ¶ 2.) Therefore, according to Plaintiff's own allegations, she resided in California at the time the action was commenced and intends to remain there. As such, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of California.

14. **Defendant Walgreen Co. is a Citizen of Illinois**. At the time of the filing of this action, Defendant Walgreen Co. was, and still is, a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. (Declaration of Joseph B. Amsbary ("Amsbary Decl."), ¶ 2.)

15. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*. at 93; *see also Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions.)

16. Defendant's corporate headquarters are located in Deerfield, Illinois where Defendant's officers direct, control and coordinate Defendant's activities. (Amsbary Decl., ¶ 2.) Defendant's operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and

1  general business operations. (*Id.*) Therefore, for removal purposes, Defendant is a citizen of
2  Illinois.

3    17. Because Plaintiff is a citizen of California and Defendant is a citizen of Illinois,
4  complete diversity of citizenship exists between Plaintiff and Defendant.

5    18. **The Citizenship of "Doe Defendants" Must Be Disregarded.** The citizenship of
6  fictitiously-named "Doe" Defendants is to be disregarded for the purposes of removal. 28 U.S.C. §
7  1441(b). Thus, the existence of Doe Defendants 1 through 50 does not deprive this Court of
8  jurisdiction.

### The Alleged Amount In Controversy Exceeds $75,000.

10    19. Although Defendant denies any liability as to Plaintiff's individual claims, the
11  amount in controversy for such claims exceeds the sum of $75,000. To satisfy the amount in
12  controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in the Ninth
13  Circuit recognize that a removing defendant is not obligated to "research, state and prove the
14  plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD
15  EFB, 2007 WL 1302504, *2 (E.D. Cal., May 1, 2007). Defendant need only "provide evidence
16  establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000.
17  *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the
18  proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the
19  judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427
20  F.3d 446, 447 (7th Cir. 2005).

21    20. The amount in controversy is determined from the allegations and prayer of the
22  complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If the
23  complaint does not, on its face, reflect the amount in controversy, the Court may consider facts
24  from the removal petition, as well as evidence submitted by the parties, relevant to the amount in
25  controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377
26  (9th Cir. 1997).

27    21. As noted above, Plaintiff's Complaint includes the following individual claims
28  against Defendant: (1) Disability Discrimination in Violation of the FEHA; (2) Pregnancy

1  Discrimination in Violation of the FEHA; (3) Violation of the California Family Rights Act; (4)
2  Violation of Gov't Code § 12945; (5) Failure to Accommodate in Violation of FEHA; (6) Failure
3  to Engage in the Interactive Process in Violation of the FEHA; (7) Retaliation in Violation of the
4  FEHA; (8) Failure to Prevent Discrimination in Violation of the FEHA; (9) Wrongful Termination
5  in Violation of Public Policy; and (10) Intentional Infliction of Emotional Distress ("IIED").

6  22.  Although Defendant denies any wrongdoing or liability to Plaintiff, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount-in-controversy with respect to Plaintiff's individual claims, at the time of the filing of this action and continuing through the present, easily exceeds the jurisdictional minimum amount of $75,000. Specifically, Plaintiff seeks damages for lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community. *See* Complaint ¶¶ 31, 35, 48, 54, 61, 67, 72, 78, 85, 92, 97, 102. The Complaint also seeks waiting-time penalties for her individual wage-and-hour claims (Complaint, ¶¶ 30-31), attorneys' fees (Complaint, ¶¶ 35, 40, 49, 55, 62, 68, 73, 79, 86, 93) and punitive damages (Complaint, ¶¶ 50, 56, 63, 69, 74, 80, 87, 94, 98, 103). *See also*, Complaint, Prayer for Relief, ¶¶ 1-10.

23.  **Lost Wages.** Defendant expressly denies that Plaintiff is entitled to recover lost wages, as it denies that Plaintiff can recover on her underlying claims. However, for purposes of calculating the amount in controversy, at the time of her termination, Plaintiff's hourly base rate of pay was **$14.21**. In 2019, Plaintiff worked an average of **34 hours per week** for the 48 full weeks that she worked until the separation of her employment on November 28, 2019. *See* Musgrove Decl., ¶3. There are fifty-seven (57) weeks between the date of Plaintiff's separation of employment and the date of removal. Therefore, for purposes of calculating the amount in controversy, Plaintiff's past lost wages at the time of removal are **$27,538.98** (34 average hours per week x $14.21 per hour x 57 weeks).

24.  **Emotional Distress and Mental Suffering.** Defendant expressly denies that Plaintiff is entitled to recover emotional distress damages, as it denies that Plaintiff can recover on her underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's

Complaint alleges emotional distress. Ex. A, Compl., ¶¶ 48, 54, 61, 67, 72, 78, 85, 92, 97, 102. Emotional distress damages are properly considered in the amount in controversy for purposes of removal jurisdiction. *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("In fact, emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain*, 890 F. Supp. 2d at 1250 (citing *Rivera v. Costco Wholesale Corp.*, No. C 08–02202 CW, 2008 WL 2740399, at *1 (N.D. Cal. July 11, 2008)).

25. Emotional distress and mental suffering damages in similar discrimination, retaliation, and wrongful termination cases regularly exceed $45,000.

26. In *Villalta v. Leonardo's Restaurant, Inc. et al.*, 2016 WL 2941139 (Los Angeles Superior Court), the employee sued her employer for discrimination, retaliation, and harassment in violation of FEHA. The employee was employed by the defendants as a waitress. She claimed that defendant discriminated against her by reducing her work hours and terminating her employment because she was pregnant. The jury returned a verdict for her and awarded her $45,000 in emotional distress damages. Declaration of Daria Dub Carlson ("Carlson Decl."), Ex. A.

27. In *Baghumian v. County of Los Angeles*, 2018 WL 3609142 (Los Angeles County Superior Court 2018), the plaintiff, a lifeguard, sued for discrimination and retaliation in violation of FEHA that allegedly occurred from 2014 to 2016. He claimed that he was discriminated against for missing work because of a work-related injury to his hand. He also alleged that he complained about the discrimination, after which he was terminated in retaliation for his complaints. The jury found for the plaintiff and awarded him $175,000 for emotional distress. Carlson Decl., Ex. B.

28. In *Woods v. City of Inglewood*, 2002 WL 33844526 (Los Angeles Superior Court 2002), plaintiff alleged that the Inglewood City Council promoted an African-American police

1  office to the rank of captain and refused to promote plaintiff to the rank of captain because of his
2  race (Caucasian). Plaintiff alleged that he was more qualified for the position and that the City
3  Council discriminated against him because of his race in violation of FEHA. The jury found for
4  the plaintiff and awarded $75,000 in emotional distress damages. Carlson Decl., Ex. C.

5  29. In *Evans v. Federal Express*, 2006 WL 4543813 (N.D. Cal. 2006), plaintiff, an
6  African-American, sued for race discrimination and retaliation in violation of FEHA. He alleged
7  that defendant reprimanded him and transferred him from his shift in retaliation for complaints he
8  filed with the Department of Fair Employment and Housing regarding race discrimination. The
9  jury found for the plaintiff and awarded $475,000 in emotional distress damages. Carlson Decl.,
10 Ex. D.

11 30. In *Rosales v. Career Systems Development Corporation*, 2010 WL 3918596 (E.D.
12 Cal. 2010), defendant terminated plaintiff, claiming that he violated defendant's anti-fraternization
13 policy. Plaintiff claimed that there was an inconsistent application of the anti-fraternization
14 policy, in favor of younger Caucasians and a pattern of terminating older minority employees for
15 specious reasons. Plaintiff alleged claims for race/national origin discrimination, age
16 discrimination, and retaliation in violation of FEHA. The jury found for plaintiff and awarded him
17 $84,000 in emotional distress damages. Carlson Decl., Ex. E.

18 31. In *Miller v. Vicorp Inc.*, 2005 WL 6142218 (N.D. Cal. 2005), plaintiff sued
19 defendant for age discrimination in violation of FEHA. He alleged that he was wrongfully
20 terminated because of his age after he attempted to return to work after a job related injury. The
21 jury found for plaintiff and awarded him $350,000, all for emotional distress damages. Carlson
22 Decl., Ex. F.

23 32. Juries award significant emotional distress damages in discrimination, retaliation,
24 and wrongful termination cases. The emotional distress awards in the sampling of the six cases set
25 forth in this removal were $45,000, $75,000, $84,000, $175,000, $350,000, and $475,000.
26 Therefore, the amount in controversy with respect to Plaintiff's request for emotional distress
27 damages is at least **$45,000**.
28

33. **Waiting time penalties.** Plaintiff also alleges that Defendant failed to pay her sick pay at the regular rate of pay, as required by Labor Code § 246.5. As a result of this alleged miscalculation, Plaintiff claims that Defendant failed to pay all wages owed to her at the time of termination. (Complaint, ¶¶ 27-31.) Plaintiff seeks waiting time penalties pursuant to Labor Code § 203 equal to her daily wage for thirty (30) days. (Complaint, ¶ 29.)

35. Defendant expressly denies that Plaintiff is entitled to recover waiting time penalties, as Defendant denies that Plaintiff can recover on her underlying wage-and-hour claims. However, for purposes of calculating the amount in controversy, Plaintiff's base hourly rate at the time of her termination was **$14.21 per hour**, and Plaintiff worked, on average, **6.8 hours** per workday. (Musgrove Decl., ¶3.) Therefore, Plaintiff's waiting-time penalty claim places into controversy at least an additional **$2,898.84** (*i.e.,* $14.21 per hour x 6.8 hours per average workday x 30 days).

36. **Attorneys' Fees.** Plaintiff seeks attorneys' fees in connection with her individual claims. Ex. A, Compl., ¶¶ 35, 40, 49, 55, 62, 68, 73, 79, 86, 93, Prayer for Relief ¶¶ 4-9. Attorneys' fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount). Attorneys' fees are also recoverable as a matter of right to the prevailing party under FEHA. Cal. Gov. Code § 12965. Thus, when a plaintiff seeks to recover attorneys' fees, the Court must consider future attorneys' fees when determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018).

37. Defendant expressly denies that Plaintiff is entitled to recover attorneys' fees, as it denies that Plaintiff can recover on her underlying claims. However, for purposes of removal, the Ninth Circuit has used a benchmark rate of 25% of the potential damages as the amount of attorneys' fees. *In re Quintus Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001). Therefore, this Court should adhere the Ninth Circuit's benchmark estimate and conclude that Plaintiff's demand for attorneys' fees adds at least **$18,859.46** to the amount in controversy. These

statutory attorneys' fees further increase Plaintiff's alleged amount in controversy in excess of $75,000.

38. Notably, the amount in controversy, for removal purposes, excludes the additional amounts alleged by Plaintiff relating to her claims for lost wages through trial, future lost wages, punitive damages, and penalties for alleged failure to provide accurate wage statements. All of these sums would serve to further increase the amount in controversy. Notwithstanding, the limited jurisdictional calculations presented here place into controversy at least **$94,297.28**, as follows:

| **Amount in Controversy** | |
|---|---|
| Lost wages | $27,538.98 |
| Emotional distress | $45,000.00 |
| Waiting time penalties | $ 2,898.84 |
| Attorneys' fees | $18,859.46 |
| **Total:** | **$94,297.28** |

39. Based on the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000. As set forth above, Defendant need only provide evidence that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Guglielmino, supra,* at 699. Once this has been established, Plaintiff must demonstrate, to a "legal certainty," that the amount in controversy is less than this amount. Here, Plaintiff will be unable to do so.

40. For these reasons, this action is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

41. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The San Mateo County Superior Court is located within the Northern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

42. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

43. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Mateo. Notice of Compliance shall be filed promptly afterwards with this court.

44. As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Certificate of Interested Parties.

DATED: December 30, 2020           **BRYAN CAVE LEIGHTON PAISNER LLP**

By:  */s/ Daria Dub Carlson*
     Daria Dub Carlson
     Attorneys for Defendant Walgreen Co.