# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* |

WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,

**Electronically FILED**
by Superior Court of California, County of San Mateo

ON    11/16/2020

By____*/s/ Anthony Berini*____
Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOY ANN JULIAN, as an individual and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* 20-CIV-05044 |

Superior Court of California, County of San Mateo
400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175)/Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071,213-488-6555

| DATE: *(Fecha)* | 11/16/2020 | Neal I. Taniguchi | Clerk, by *(Secretario)* | /s/ Anthony Berini | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walgreen Co., an Illinois corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12/02/20

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT 2

1   Howard L. Magee (State Bar No. 185199)
2   Larry W. Lee (SBN 228175)
    Simon L. Yang (SBN 260286)
3   **DIVERSITY LAW GROUP, P.C.**
    515 S. Figueroa St., Suite 1250
4   Los Angeles, California 90071
    (213) 488-6555
5   (213) 488-6554 facsimile
    Email: hmagee@diversitylaw.com
6          lwlee@diversitylaw.com
7          sly@diversitylaw.com

8   Attorneys for Plaintiff and the Class
    (Additional Counsel on Next Page)
9

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          11/16/2020
By_____**/s/ Anthony Berini**_____
          Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| JOY ANN JULIAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 20-CIV-05044<br><br>**CLASS ACTION AND INDIVIDUAL COMPLAINT FOR:**<br><br>**(1) VIOLATION OF LABOR CODE § 201-203 [CLASS CLAIM];**<br><br>**(2) VIOLATION OF LABOR CODE § 226 [CLASS CLAIM];**<br><br>**(3) VIOLATION OF LABOR CODE § 2698, *ET SEQ.* [REPRESENTATIVE CLAIM];**<br><br>**(4) UNFAIR OR UNLAWFUL BUSINESS PRACTICES [CLASS CLAIM]**<br><br>**(5) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA [INDIVIDUAL CLAIM];**<br><br>**(6) PREGNANCY DISCRIMINATION IN VIOLATION OF THE FEHA [INDIVIDUAL CLAIM];**<br><br>**(7) VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT [INDIVIDUAL CLAIM];**<br><br>**(8) VIOLATION OF GOV'T CODE § 12945 [INDIVIDUAL CLAIM];**<br><br>**(9) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA** |

1

1                     [INDIVIDUAL CLAIM];

2                     (10)  FAILURE TO ENGAGE IN THE
3                             INTERACTIVE PROCESS IN
                            VIOLATION OF THE FEHA
4                             [INDIVIDUAL CLAIM];

5                     (11)  RETALIATION IN VIOLATION OF
6                             THE FEHA; [INDIVIDUAL CLAIM]

7                     (12)  FAILURE TO PREVENT
                          DISCRIMINATION IN VIOLATION OF
                          THE FEHA

8                     (13)  WRONGFUL TERMINATION IN
9                           VIOLATION OF PUBLIC POLICY
                        [INDIVIDUAL CLAIM];

10                   (14)  INTENTIONAL INFLICTION OF
                      EMOTIONAL DISTRESS [INDIVIDUAL
11                       CLAIM]

12                     **DEMAND EXCEEDS $25,000.00**

13                     **DEMAND FOR JURY TRIAL ON INDIVIDUAL CLAIMS**

16 William L. Marder, Cal Bar No. 170131
POLARIS LAW GROUP, LLP
17 501 San Benito Street, Suite 200
Hollister, California 95023
18 Telephone:    831.531.4214
Facsimile:    831.634.0333
19 Email: bill@polarislawgroup.com

20 Dennis S. Hyun (State Bar No. 224240)
HYUN LEGAL, APC
21 515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
22 (213) 488-6555
(213) 488-6554 facsimile
23 Email: dhyun@hyunlegal.com

24 Attorneys for Plaintiff and the Class

2

PLAINTIFF'S CLASS ACTION AND INDIVIDUAL COMPLAINT

Plaintiff Joy Ann Julian ("Plaintiff") hereby submits this Class Action and Individual Complaint ("Complaint") against Defendants Walgreen Co. ("Defendant," or the "Company"), and DOES 1-50 (hereinafter collectively referred to as "Defendants"), individually and on behalf of a Class of all other similarly situated current and former employees of Defendants as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 233, and 246, the California Industrial Welfare Commission's ("IWC") Wage Orders. As alleged below, Plaintiff has met all jurisdictional prerequisites for filing suit under the Private Attorneys General Act (the "PAGA") and the Fair Employment and Housing Act (the "FEHA").

2.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted knowingly and intentionally by failing to pay or timely pay all sick pay wages or provide accurate itemized wage statements.

4.      Venue is proper in San Mateo County because Defendants maintain business locations in this County and Plaintiff worked at Defendant's store located in this County.

<u>**PARTIES**</u>

5.      On or about February 20, 2018, Plaintiff was hired by Defendant to work as a non-exempt customer service associate and worked in California for Defendants for 30 or more days within a year. On or about November 29, 2019, Plaintiff began a pregnancy leave. Thus, November 28, 2019, was the last day Plaintiff worked for Defendant. Plaintiff was unlawfully terminated on or about January 29, 2020. Defendant is a retail pharmacy with locations throughout the United States, including in San Mateo County where Plaintiff worked.

6.      Plaintiff is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California Labor Code §§ 201-204, 226, 233, and 246.

7.      Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

3

8.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code.

9.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

10.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

11.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

12.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and/or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and

4

abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

14. **Definition:** Plaintiffs seek class certification, pursuant to California Code of Civil Procedure § 382, of the following class:

> a. All current and former non-exempt California employees who were paid sick pay in the same workweek in which they earned any non-discretionary incentive wages from Defendant at any time from May 20, 2016, through the present (the "Sick Pay Class").

15. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of the Defendants records, including payroll records. Plaintiff is informed and believes and based thereon alleges that the Defendants failed to pay employees their sick pay at their regular rate of pay. Because Defendants failed to pay all sick pay, Defendants also failed to timely pay all wages due and failed provide accurate itemized wage statements.

16. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class. Plaintiff is informed and believes that Defendants uniformly administer a corporate policy and practice of routinely failing to pay sick pay at the regular rate of pay, routinely failing to timely pay all wages due, and routinely failing to provide accurate itemized wage statements.

17. **Typicality:** Plaintiff's claims are typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. Plaintiff was not paid sick pay at the regular rate. Plaintiff was paid additional

5

1   non-discretionary remuneration, including shift differentials and/or shift premiums, in pay periods

2   in which Plaintiff earned sick pay. Defendants did not factor these bonuses into the regular rate of

3   pay for purposes of the accrual and payment of sick pay wages. Plaintiff's sick pay was paid at

4   Plaintiff's base rate, as opposed to the higher regular rate. Further, as a result of these regular rate

5   violations, Defendants failed to timely pay Plaintiff and failed to provide accurate itemized wage

6   statements. Thus, Plaintiff's claims are typical of the class she seeks represent.

7   18.    The California Labor Code is broadly remedial in nature and must be construed in

8   favor of worker protection. These laws and labor standards serve an important public interest in

9   establishing minimum working conditions and standards in California. These laws and labor

10   standards protect the average working employee from exploitation by employers who may seek to

11   take advantage of superior economic and bargaining power in setting onerous terms and conditions

12   of employment.

13   19.    The nature of this action and the format of laws available to Plaintiff and Class

     Members identified herein make the class action format a particularly efficient and appropriate

14   procedure to redress the wrongs alleged herein. If each employee were required to file an

15   individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage

16   since it would be able to exploit and overwhelm the limited resources of the individual employees

17   with Defendants' vastly superior financial and legal resources. Requiring each class member to

18   pursue an individual remedy would also discourage the assertion of lawful claims by employees

19   who would be disinclined to file an action against their former and/or current employer for real and

20   justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

21   20.    The prosecution of separate actions by the individual class members, even if

22   possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to

23   individual class members against the Defendants and which would establish potentially

24   incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

25   individual Class members which would, as a practical matter, be dispositive of the interest of the

26   other Class members not parties to the adjudications or which would substantially impair or

27   impede the ability of the Class members to protect their interests. Further, the claims of the

28   individual members of the Class are not sufficiently large to warrant vigorous individual

6

1   prosecution considering all of the concomitant costs and expenses.

2   21.     Such a pattern, practice and uniform administration of corporate policy regarding

3   illegal employee compensation described herein is unlawful and creates an entitlement to recovery

4   by Plaintiff and the Class identified herein, in a civil action any and all applicable penalties and/or

5   damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor

6   Code §§ 218, 218.5, 226, 233, 246, and 2699 and Code of Civil Procedure § 1021.5.

7   22.     Proof of a common business practice or factual pattern, which the named Plaintiffs

8   experienced and are representative of, will establish the right of each of the members of the Class

9   to recovery on the causes of action alleged herein.

10   23.     This action is brought for the benefit of the Class, which is commonly entitled to a

11   specific fund with respect to the compensation illegally and unfairly retained by Defendants. The

12   Class is commonly entitled to restitution of those funds being improperly withheld by Defendant.

**INDIVIDUAL ALLEGATIONS**

13   24.     On or about February 20, 2018, Plaintiff was hired by Defendant to work as a non-

14   exempt customer service associate.  On or about November 29, 2019, Plaintiff began a pregnancy

15   leave.  Thus, November 28, 2019, was the last day Plaintiff worked for Defendant.  Plaintiff

16   provided medical documentation to Defendant stating that she was to be placed off of work from

17   November 29, 2019, through February 14, 2020, so that Plaintiff could give birth, including

18   undergoing a caesarian section.  Rather than accommodate Plaintiff's pregnancy and/or disability,

19   Plaintiff was unlawfully terminated by Defendant on or about January 29, 2020.  Thus, Defendant

20   did not accommodate Plaintiff, nor engage in a good faith interactive process.  To the contrary,

21   Defendant summarily terminated Plaintiff in violation of the FEHA.

22   25.     Plaintiff has met all the jurisdictional requirements for proceeding with her claims

23   under the FEHA, including without limitation, California Government Code Sections 12960 and

24   12965, by timely filing administrative complaints against Defendant with the California Department

25   of Fair Employment and Housing (the "DFEH") on or about November 13, 2020.  Plaintiff also

26   requested right-to-sue letters from the DFEH against Defendant.  True and correct copies of the

27   DFEH complaints and right-to-sue letters are collectively attached hereto as Exhibit "A."

28

7

PLAINTIFF'S CLASS ACTION AND INDIVIDUAL COMPLAINT

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-204, 233, 246

### (AGAINST THE DEFENDANTS AND DOES 1-50 BY PLAINTIFFS AND CLASS)

26.     The preceding paragraphs are re-alleged and incorporated by this reference.

27.     Labor Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Labor Code § 246.5 at the employee's then current rate of entitlement. Labor Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave. An employer must calculate paid sick leave by using one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

28.     As a policy and practice, Defendants unlawfully failed to pay sick pay at the regular rate of pay. Plaintiff and Class Members routinely earned non-discretionary incentive wages, such as monthly bonuses, which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for Plaintiff and Class Members, as opposed to the correct, higher regular rate of pay.

29.     Moreover, Labor Code § 204 generally provides that wages are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Consistent with Labor Code § 204, Labor Code § 246 also provides that an employer shall provide payment for sick leave taken by an employee no later than the payday for the next regular payroll period after the sick leave was taken. Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Labor Code § 203 provides that if

8

1   an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202,

2   then the wages of the employee shall continue as a penalty from the due date, and at the same rate

3   until paid, but the wages shall not continue for more than thirty (30) days.

4        30.    Based on Defendants' failure to pay all sick pay to Plaintiff and Class Members,

5   and as a matter of policy and practice, Defendants failed to timely pay Plaintiff and Class Members

6   all due wages or timely pay all due wages upon separation of employment. On information and

7   belief, Defendants were advised by skilled lawyers and knew, or should have known, of the

8   mandates of the Labor Code as it relates to Plaintiff's allegations. Defendants thus violated

9   Sections 201-204 by not timely paying all due wages and not timely paying all due wages upon the

10  separation of employment.

11       31.    As a pattern and practice, Defendants regularly and willfully failed to pay Plaintiff

12  and other members of the Class their correct wages and accordingly owe damages, restitution, and

    applicable penalties, including waiting time penalties.
13
                              **SECOND CAUSE OF ACTION**
14
                         **VIOLATION OF LABOR CODE § 226(a)**
15
        **(AGAINST THE DEFENDANTS AND DOES 1-50 BY PLAINTIFF AND THE CLASS)[1]**
16
         32.    The preceding paragraphs are re-alleged and incorporated by this reference.
17
         33.    Defendants failed in their affirmative obligation to provide accurate itemized wage
18
    statements in violation of Labor Code § 226(a).  Specifically, Defendants violated Labor Code §
19
    226(a)(9) by, among other actions, failing to list the correct rate of pay and gross/net wages when
20
    Defendants paid sick pay to Plaintiff and Class Members in pay periods covered by additional non-
21
    discretionary remuneration, including shift differentials and/or shift premiums.
22
         34.    Plaintiff is informed and believes and based thereon alleges that that the
23
    Defendants' violation of Section 226(a) is class-wide.
24
         35.    Such a pattern, practice and uniform administration of corporate policy as described
25
    herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified
26
    herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including
27
    interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor
28
    _____
    [1] This claim is being asserted for the time period of May 20, 2019, through the present.

Code § 226.

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 2698, *ET SEQ.***

**(BY PLAINTIFF AS PROXY FOR STATE OF CALIFORNIA AGAINST ALL DEFENDANTS)**

36.     The preceding paragraphs are re-alleged and incorporated by this reference.

37.     Plaintiff seeks penalties on behalf of the State of California and all similarly aggrieved employees who have worked for Defendant in the State of California from May 12, 2019, through the present for the violations of Labor Code §§ 201-204, 226, 226.3, 233, and 246.

38.     On or about November 6, 2020, Plaintiff sent notice to the Labor Workforce Development Agency (the "LWDA") of the aforementioned violations regarding Defendant's failure to pay sick pay at the regular rate and resultant inaccurate wage statements.  This violation is applicable to all current and former employees of the employer, including the aggrieved employee.

39.     As of the date of the filing of this Complaint, the LWDA has not notified Plaintiffs whether it intends to investigate the claims.  Therefore, Plaintiff may seek applicable penalties under the PAGA.

40.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff on behalf of the State of California, in a civil action, for penalties pursuant to the PAGA, Labor Code §§ 210, 226.3 and 2699, attorneys' fees, and costs of suit according to the mandate of PAGA for Defendant's violations of the Labor Code as well as attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**UNLAWFUL OR UNFAIR BUSINESS PRACTICES**

**(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)**

41.     The preceding paragraphs are re-alleged and incorporated by this reference.

42.     Plaintiff is informed and believes that at Defendants have engaged and continue to engage in unfair and unlawful business practices in California by utilizing the employment policies and practices alleged herein, including the failures to pay all wages due.

43.     Defendants' utilization of such unfair and unlawful business practices constitutes

10

1  unfair and unlawful competition and provides an unfair advantage over Defendants' competitors, as

2  proscribed by the UCL. Defendants have deprived Plaintiff and the Class the minimum working

3  condition standards and conditions due to them under the Labor Code and applicable IWC Wage

4  Orders.

5       44.    Such a pattern, practice, and uniform administration of corporate policy is unlawful

6  and entitles Plaintiff and the Class to full restitution of all monies withheld, acquired, or converted

7  by Defendants by means of the unfair practices complained of herein, including interest thereon,

8  attorneys' fees, and costs of suit.

9                              **FIFTH CAUSE OF ACTION**

10  **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA [NON-CLASS CLAIM]**

11  **(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)**

12       45.    The preceding paragraphs are re-alleged and incorporated by this reference.

13       46.    The FEHA prohibits discrimination on account of a plaintiff's disability, which

14  includes medical conditions related to pregnancy. Cal. Gov't Code §§ 12926(p), 12940(a).

15       47.    Defendant discriminated against Plaintiff on account of her disability and, more

16  specifically, complications relating to her pregnancy and childbirth. As alleged above, Plaintiff was

17  terminated shortly after informing Defendant that she was pregnant and taking pregnancy/medical

18  leave to undergo a caesarian section. Plaintiff is informed and believes, and based thereon alleges,
that she was replaced by a non-disabled employee.

19       48.    As a proximate result of Defendant's discrimination against Plaintiff, she has suffered

20  and continues to suffer compensatory damages, including without limitation, lost wages, loss of

21  future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish,

22  embarrassment, humiliation, loss of future advancement, and damage to her reputation in the

23  business community, in the amount of at least $25,000.00, according to proof at the time of trial,

24  which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil

25  action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from

26  the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288,

27  and/or any other provision of law providing for prejudgment interest.

28       49.    As a proximate result of Defendant's violation of the FEHA against Plaintiff, she has

                                        11

been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

50.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of punitive damages in an amount according to proof.

## SIXTH CAUSE OF ACTION

### PREGNANCY DISCRIMINATION IN VIOLATION OF THE FEHA

### [NON-CLASS CLAIM]

### AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)

51.     The preceding paragraphs are re-alleged and incorporated by this reference.

52.     The FEHA prohibits discrimination on account of a plaintiff's sex, which includes a plaintiff's pregnancy. Cal. Gov't Code §§ 12926(p), 12940(a).

53.     Defendant discriminated against Plaintiff on account of her sex and, more specifically, her pregnant status. As alleged herein, on or about November 29, 2019, Plaintiff began a pregnancy leave. Thus, November 28, 2019, was the last day Plaintiff worked for Defendant. Plaintiff provided medical documentation to Defendant stating that she was to be placed off of work from November 29, 2019, through February 14, 2020, so that Plaintiff could give birth, including undergoing a caesarian section. Rather than accommodate Plaintiff's pregnancy and/or disability, Plaintiff was unlawfully terminated by Defendant on or about January 29, 2020.

54.     As a proximate result of Defendant's discrimination against Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from

12

1   the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288,

2   and/or any other provision of law providing for prejudgment interest.

3       55.     As a proximate result of Defendant's violation of the FEHA against Plaintiff, she has

4   been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected

5   to continue to incur attorneys' fees.  Pursuant to California Government Code Section 12965(b),

6   Plaintiff requests the award of attorneys' fees against Defendants.

7       56.     Defendants committed the acts alleged herein maliciously, fraudulently, and

8   oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious

9   disregard of Plaintiff's rights and safety.  As such, Plaintiff is entitled to an award of punitive

10  damages in an amount according to proof.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### [NON-CLASS CLAIM]

### AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)

15      57.     The preceding paragraphs are re-alleged and incorporated by this reference.

16      58.     The Company is subject to California Government Code section 12945.2, commonly

17  known as the "California Family Rights Act" or "CFRA" in that (1) Plaintiff works at a worksite in

18  which the Company employs at least 20 employees within 75 miles, and (2) Plaintiff worked more

19  than 12 months of service with the Company and had at least 1,250 hours of service with the

20  Company during the previous 12–month period prior to her leave.  Therefore, the Company is an

21  employer covered by CFRA and Plaintiff was an employee eligible to take CFRA leave.

22      59.     CFRA leave entitles Plaintiff to take up to 12 workweeks of leave "for reason of the

23  birth of a child of the employee."

24      60.     Plaintiff exercised her right to take leave for a qualifying CFRA leave and the

25  Company terminated Plaintiff for exercising these rights in violation of the CFRA.  In other words,

26  Plaintiff suffered an adverse employment actions of retaliation and termination because of her

27  exercise of her right to CFRA leave.

28      61.     As a proximate result of Defendant's violation of the CFRA against Plaintiff, she has

13

suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

62.     As a proximate result of Defendant's violation of the CFRA against Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

63.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of punitive damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF GOV'T CODE § 12945

### [NON-CLASS CLAIM]

### AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)

64.     The preceding paragraphs are re-alleged and incorporated by this reference.

65.     California Government Code § 12945(a) provides that it is unlawful "[f]or an employer to refuse to allow an employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed four months and thereafter return to work, as set forth in the commission's regulations. The employee shall be entitled to utilize any accrued vacation leave during this period of time. Reasonable period of time means that period during which the employee is disabled on account of pregnancy, childbirth, or a related medical condition."

14

66.     As alleged herein, on or about November 29, 2019, Plaintiff began a pregnancy leave. Thus, November 28, 2019, was the last day Plaintiff worked for Defendant.  Plaintiff provided medical documentation to Defendant stating that she was to be placed off of work from November 29, 2019, through February 14, 2020, so that Plaintiff could give birth, including undergoing a caesarian section.  Instead of providing Plaintiff with this reasonable medical leave of less than four months, Defendant terminated Plaintiff.

67.     As a proximate result of Defendant's violation of California's Pregnancy Disability Leave Law against Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action.  Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

68.     As a proximate result of Defendant's violation of California's Pregnancy Disability Leave Law against Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees.  Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

69.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's rights and safety.  As such, Plaintiff is entitled to an award of punitive damages in an amount according to proof.

//

//

//

15

**NINTH CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

**[NON-CLASS CLAIM]**

**(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)**

70.     The preceding paragraphs are re-alleged and incorporated by this reference.

71.     California Government Code Section 12940(m) requires an employer to make reasonable accommodations for physical and/or mental disabilities of an employee. Defendants denied Plaintiff reasonable accommodations, including refusing to honor Plaintiff's request for medical leave to undergo a caesarian section.

72.     As a proximate result of Defendants' failure to accommodate Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

73.     As a proximate result of Defendants' failure to accommodate Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

74.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of punitive damages in an amount according to proof.

//

//

//

16

## TENTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE

### PROCESS IN VIOLATION OF THE FEHA

### [NON-CLASS CLAIM]

### (AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)

75.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set for herein.

76.     California Government Code Sections and 12926.1(e) and 12940(n) provide that it is unlawful for an employer to fail to engage in a timely, good faith interactive process with an employee to determine effective reasonable accommodations.

77.     Defendants failed to engage in an adequate interactive process with Plaintiff, including without limitation, with respect to Plaintiff's medical leave to undergo a caesarian section.

78.     As a proximate result of Defendants' failure to engage in the interactive process with Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action.  Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

79.     As a proximate result of Defendants' failure to engage in the interactive process with Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees.  Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against Defendants.

80.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's rights and safety.  As such, Plaintiff is entitled to an award of punitive damages in an amount according to proof.

17

1

### ELEVENTH CAUSE OF ACTION

2

### RETALIATION IN VIOLATION OF THE FEHA [NON-CLASS CLAIM]

3

### (AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)

4        81.    The preceding paragraphs are re-alleged and incorporated by this reference.

5        82.    California Government Code Section 12940(h) prohibits employers from retaliating

6    against employees who have engaged in any protected activities under the FEHA.

7        83.    Defendant is liable under Section 12940(h) for retaliating against Plaintiff because

8    she engaged in a protected activity by informing Defendant of her pregnant status and requesting

9    pregnancy/medical leave.

10       84.    As alleged above, Defendants retaliated against Plaintiff, by among other acts,

11   unlawfully terminating Plaintiff.

12       85.    As a proximate result of Defendants' retaliation against Plaintiff, she has suffered and

13   continues to suffer compensatory damages, including without limitation, lost wages, loss of future

     earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment,
14

15   humiliation, loss of future advancement, and damage to her reputation in the business community, in

16   the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the

17   jurisdictional minimum for this lawsuit to qualify as an unlimited civil action.  Plaintiff claims such

18   amounts as damages, together with prejudgment interest accruing from the date of the filing of this

     action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of
19
     law providing for prejudgment interest.
20
         86.    As a proximate result of Defendants' retaliation against Plaintiff, she has been forced
21
     to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue
22
     to incur attorneys' fees.  Pursuant to California Government Code Section 12965(b), Plaintiff
23
     requests the award of attorneys' fees against Defendants.
24
         87.    Defendants committed the acts alleged herein maliciously, fraudulently, and
25
     oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious
26
     disregard of Plaintiff's rights and safety.  As such, Plaintiff is entitled to an award of punitive
27
     damages in an amount according to proof.
28   //

PLAINTIFF'S CLASS ACTION AND INDIVIDUAL COMPLAINT

## TWELFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA [NON-CLASS CLAIM]

### (AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)

88.     The preceding paragraphs are re-alleged and incorporated by this reference.

89.     California Government Code Section 12940(k) provides that it is an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination … from occurring."

90.     As alleged above, Plaintiff was repeatedly discriminated against by Defendant. Defendant, however, did nothing to rectify its unlawful conduct. To the contrary, Defendant summarily and unlawfully terminated Plaintiff while she was on medical leave.

91.     As a result, Defendant violated Section 12940(k) by not taking all reasonable steps to prevent discrimination from occurring and, thus, is liable for violation of the FEHA.

92.     As a proximate result of Defendant's failure to adequately prevent the continued discriminatory acts committed against Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses and deferred compensation, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to her reputation in the business community, in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

93.     As a proximate result of Defendant's failure to adequately prevent the continued discrimination against Plaintiff, she has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against Defendant.

//

19

94.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's rights and safety. As such, Plaintiff is entitled to an award of punitive damages in an amount according to proof.

**THIRTEENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [NON-CLASS CLAIM]**

**(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AS AN INDIVIDUAL)**

95.     The preceding paragraphs are re-alleged and incorporated by this reference.

96.     At all times mentioned herein, the public policy of the State of California, as codified, expressed and mandated in the FEHA, prohibit employers from discriminating against employees because of pregnant/disabled status. Nevertheless, Defendants violated these public policies by terminating Plaintiff due to her pregnant status and/or request for medical/pregnancy leave to undergo a caesarian section.

97.     As a proximate result of Defendants' wrongful termination of Plaintiff, she has suffered and continues to suffer compensatory damages, including without limitation, severe emotional distress, lost wages, benefits, and compensation, and loss of future earnings and earning capacity in the amount of at least $25,000.00, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

98.     Further, because the wrongful acts against Plaintiff were carried out, authorized, or ratified by Defendants' directors, officers, and/or managing agents, acting with malice, oppression, or fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to Plaintiff, she seeks punitive damages to deter Defendants from committing said illegal acts in the future. Specifically, Plaintiff is informed and believes, and based thereon alleges, that Defendants' managerial employees callously decided to terminate Plaintiff's employment because she exercised her rights under the California Labor Code.

20

PLAINTIFF'S CLASS ACTION AND INDIVIDUAL COMPLAINT

## FOURTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS [NON-CLASS CLAIM]

### (AGAINST ALL DEFENDANTS BY PLAINTIFF AS AN INDIVIDUAL)

99.     The preceding paragraphs are re-alleged and incorporated by this reference.

100.    When Defendants, and the each of them, committed the acts described above, they did so deliberately and intentionally to cause Plaintiff to suffer humiliation, mental anguish, and emotional distress.  The outrageousness of the above-described conduct is amplified due to upper management's abuse of their positions with actual and apparent authority over Plaintiff, such as is commonly found in employment relationships.  Defendants, and each of them, were aware of their unlawful acts would cause Plaintiff to suffer extreme emotional distress and other consequential damages.

101.    The above-said acts of Defendants, and each of them, constituted intentional infliction of emotional distress against Plaintiff and such conduct of the Defendants was a substantial or determining factor in causing damage and injury to Plaintiff.

102.    As a result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer substantial loss and damages including, loss of salary, future advancement, bonuses, benefits, embarrassment, humiliation, and mental anguish in an amount to be determined at trial.

103.    Defendants, and each of them, committed said intentional infliction of emotional distress alleged herein against Plaintiff, maliciously, fraudulently, and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights.  Plaintiff is thereby entitled to punitive damages from the Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.      For an order certifying the proposed Class;

2.      For an order appointing Plaintiff as Class Representative of the Classes as defined herein;

21

1       3.      For an order appointing counsel for Plaintiff as Class Counsel;

2       4.      Upon the First Cause of Action, for damages, including unpaid sick pay and interest

3   thereon, applicable penalties, and costs and attorneys' fees pursuant to Section 203, 210, 218,

4   218.5, 218.6, and 248.5;;

5       5.      Upon the Second Cause of Action, for penalties and/or damages pursuant to

6   California Labor Code § 226, and for costs and attorneys' fees;

7       6.      Upon the Third Cause of Action, for civil penalties, costs and attorney's fees

8   pursuant to, among other sections, Labor Code §§ 210, 226.3, and 2699;

9       7.      Upon the Fourth Cause of Action, for restitution of all funds unlawfully acquired by

10   Defendants by any acts or practices declared to be in violation of the UCL, including interest

11   thereon, and for costs and attorneys' fees;

12       8.      Upon the Fifth through Fourteenth Causes of Action, for general and special

13   damages, punitive damages, attorneys' fees (as applicable to the FEHA claims) and costs;

14       9.      On all causes of action, for attorneys' fees and costs as provided by California

15   Labor Code §§ 218, 218.5, 226, 2699, Government Code § 12965, and Code of Civil Procedure §

16   1021.5; and

17       10.      For such other and further relief as the Court may deem just and proper.

18   DATED: November 16, 2020          DIVERSITY LAW GROUP, P.C.

19

20                                By:_____
                                         Larry W. Lee

21                                Attorneys for PLAINTIFF and the CLASS

22

23

24

25

26

27

28

PLAINTIFF'S CLASS ACTION AND INDIVIDUAL COMPLAINT

## DEMAND FOR JURY TRIAL

Only as to Plaintiff's individual causes of action, *i.e.*, the Fifth through Fourteenth Causes of Action, Plaintiff hereby demands a jury trial as provided by California law.

DATED: November 16, 2020                   DIVERSITY LAW GROUP, P.C.


By:_____
                                Larry W. Lee
                      Attorneys for Plaintiff and the Class

1

PLAINTIFF'S CLASS ACTION AND INDIVIDUAL COMPLAINT

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 13, 2020

Dennis Hyun
515 S. Figueroa St., Ste. 1250
Los Angeles, California 90071

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202011-11807513
       Right to Sue: Julian / WALGREEN CO.

Dear Dennis Hyun:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 13, 2020

RE:    **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202011-11807513
      Right to Sue: Julian / WALGREEN CO.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 13, 2020

Joy Ann Julian
Hyun Legal, APC, 515 S. Figueroa St., Ste. 1250
Los Angeles, California 90071

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202011-11807513
      Right to Sue: Julian / WALGREEN CO.

Dear Joy Ann Julian:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 13, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Joy Ann Julian                                          DFEH No. 202011-11807513

                              Complainant,

vs.

WALGREEN CO.
200 WILMOT RD
DEERFIELD, Illinois 60015

                              Respondents

---

1. Respondent **WALGREEN CO.** is an **employer WALGREEN CO.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Joy Ann Julian**, resides in the City of **Los Angeles**, State of **California**.

4. Complainant alleges that on or about **January 29, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave. ·

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability related accom., requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave.

**Additional Complaint Details:** On or about February 20, 2018, Complainant was hired by Respondent to work as a non-exempt customer service associate.  On or about November

-1-
*Complaint – DFEH No. 202011-11807513*

Date Filed: November 13, 2020

1  29, 2019, Complainant began a pregnancy leave.  Thus, November 28, 2019, was the last
2  day Complainant worked for Respondent.  Complainant provided medical documentation to
   Respondent stating that she was to be placed off of work from November 29, 2019, through
3  February 14, 2020, so that Complainant could give birth, including undergoing a caesarian
4  section.  Rather than accommodate Complainant's pregnancy and/or disability, Complainant
   was unlawfully terminated by Respondent on or about January 29, 2020.  Thus, Respondent
   did not accommodate Complainant, nor engage in a good faith interactive process.  To the
5  contrary, Respondent summarily terminated Complainant in violation of the FEHA.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    -2-
                                    *Complaint -- DFEH No. 202011-11807513*
28
   Date Filed: November 13, 2020

1  VERIFICATION

2  I, **Dennis Hyun**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On November 13, 2020, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                      **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -3-
27                            *Complaint -- DFEH No. 202011-11807513*

28  Date Filed: November 13, 2020

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Howard L. Magee (State Bar No. 185199) / Larry W. Lee (SBN 228175)
DIVERSITY LAW GROUP
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
TELEPHONE NO.: (213) 488-6555    FAX NO.: (213) 488-6554
ATTORNEY FOR *(Name):* Plaintiff Joy Ann Julian

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON 11/16/2020
By /s/ Anthony Berini
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Hall of Justice & Records

CASE NAME:
Joy Ann Julian v. Walgreen Co.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20-CIV-05044 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Fourteen (14)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 16, 2020
Larry W. Lee
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT 4



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

| FOR COURT USE ONLY |
|---|
| **FILED** |
| SAN MATEO COUNTY |
| 11/16/2020 |
| **Clerk of the Superior Court** |
| By  /s/ Anthony Berini |
| Deputy Court Clerk |

PLAINTIFF: **JOY ANN JULIAN**

DEFENDANT: **WALGREEN CO., AN ILLINOIS CORPORATION; DOES 1 THROUGH 50, INCLUSIVE**

| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE** | CASE NUMBER: **20-CIV-05044** |
|---|---|

This case has been filed by Plaintiff(s) as a putative class action.  By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, **the Honorable Marie S. Weiner, Department 2**, located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **2/22/2021 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 11/16/2020                                    Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Anthony Berini
Anthony Berini, Deputy Court Clerk

**CLERK'S CERTIFICATE OF SERVICE**
I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 11/16/2020                                    By:   /s/ Anthony Berini
Anthony Berini, Deputy Court Clerk

**Mailing List:**

LARRY W LEE
DIVERSITY LAW GROUP PC
515 SOUTH FIGUEROA STREET
SUITE 1250
LOS ANGELES CA 90071

EXHIBIT 5

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

### SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**. Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

<u>Arbitration:</u> An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes.  Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations.  The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

## CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk.  Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here.  Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint.  An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC.  ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days.  If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**

# EXHIBIT 6

Print Form



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
MULTI OPTION ADR PROJECT
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

## ADR Stipulation and Evaluation Instructions

In accordance with ***Local Rule 2.3(H)(3)***, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

> ❑  Original signatures for all attorneys (and/or parties in pro per);
> ❑  The name of the neutral;
> ❑  Date of the ADR session; and
> ❑  Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [***Local Rule 2.3(H)(3)***].

### Post-ADR Session Evaluations

*Local Rule 2.3(H)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at
**(650) 261-5075 or (650) 261-5076.**

Form ADR-CV-1 [Rev. May 2019]

EXHIBIT 7

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655  (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(H)(3)*].  Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

◯ Voluntary Mediation        ◯ Binding Arbitration (private)
◯ Neutral Evaluation           ◯ Settlement Conference (private)
◯ **Non-Binding Judicial Arbitration CCP 1141.12** ◯ Summary Jury Trial   ◯ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____
                                             Original Signatures

_____      _____
Type or print name of ☐Party without attorney ☐Attorney for           (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant      Attorney or Party without attorney

_____      _____
Type or print name of ☐Party without attorney ☐Attorney for           (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant      Attorney or Party without attorney

_____      _____
Type or print name of ☐Party without attorney ☐Attorney for           (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant      Attorney or Party without attorney

_____      _____
Type or print name of ☐Party without attorney ☐Attorney for           (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant      Attorney or Party without attorney

## IT IS SO ORDERED:

Date:                             _____
                                  Judge of the Superior Court of San Mateo County

Form ADR-CV-1 [Rev. May 2019]

# EXHIBIT 8

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON        12/29/2020
By _____ /s/ Mia Marlowe
                    **Deputy Clerk**

1 | **BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom, California Bar No. 217255
2 | Bernice Diaz, California Bar No. 329246
1920 Main Street, Suite 1000
3 | Irvine, California 92614-7276
Telephone:      (949) 223-7000
4 | Facsimile:      (949) 223-7100
Email: allison.eckstrom@bclplaw.com
5 |         bernice.diaz@bclplaw.com

6 | Daria Dub Carlson, California Bar No. 150628
120 Broadway, Suite 300
7 | Santa Monica, California  90401-2386
Telephone:      (310) 576-2100
8 | Facsimile:      (310) 576-2200
Email: daria.carlson@bclplaw.com

9 |

10 | Attorneys for Defendant Walgreen Co.

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF SAN MATEO**

13 |

14 | JOY ANN JULIAN, as an individual and on
behalf of all others similarly situated,
15 |
                    Plaintiffs,
16 |
        vs.
17 |
WALGREEN CO., an Illinois corporation; and
18 | DOES 1 through 50, inclusive,
19 |
                    Defendants.

Case No. 20-CIV-05044

Hon. Marie S. Weiner

**DEFENDANT WALGREEN CO.'S
ANSWER TO PLAINTIFF'S
COMPLAINT**

Complaint Filed:      November 16, 2020
Trial Date:    Not Assigned

20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

ANSWER TO COMPLAINT

1   Defendant Walgreen Co. ("Defendant") hereby responds to the allegations contained in the

2   unverified Complaint for:  (1) Violation of Labor Code § 201-203 [Class Claim]; (2) Violation of

3   Labor Code § 226 [Class Claim]; (3) Violation of Labor Code § 2698, *et seq.* [Representative

4   Claim]; (4) Unfair or Unlawful Business Practices [Class Claim]; (5) Disability Discrimination in

5   Violation of the FEHA [Individual Claim]; (6) Pregnancy Discrimination in Violation of the FEHA

6   [Individual Claim]; (7) Violation of the California Family Rights Act [Individual Claim]; (8)

7   Violation of Gov't Code § 12945 [Individual Claim]; (9) Failure to Accommodate in Violation of

8   FEHA [Individual Claim]; (10) Failure to Engage in the Interactive Process in Violation of the

9   FEHA [Individual Claim]; (11) Retaliation in Violation of the FEHA [Individual Claim]; (12)

10  Failure to Prevent Discrimination in Violation of the FEHA; (13) Wrongful Termination in

11  Violation of Public Policy [Individual Claim]; (14) Intentional Infliction of Emotional Distress

12  [Individual Claim] ("Complaint") filed by Plaintiff Joy Ann Julian ("Plaintiff") as follows:

13                              **GENERAL DENIAL**

14   Pursuant to the provisions of California Code of Civil Procedure sections 431.30(d),

15  Defendant generally and specifically denies each and every allegation, statement and matter, and

16  each purported cause of action contained in the Complaint. Defendant further denies that Plaintiff,

17  or any putative class member or aggrieved employee who she purports to represent, has been

18  injured or damaged in any manner or amount or is entitled to any relief of any kind.  Without

19  limiting the generality of the foregoing, Defendant generally and specifically denies that Plaintiff,

20  or any putative class member or aggrieved employee who she purports to represent, has been

21  damaged in any way or amount by reason of any act or omission on the part of Defendant.

22                              **SEPARATE DEFENSES**

23   Defendant specifically reserves the right to amend its Answer to allege further affirmative

24  defenses that it may have against Plaintiff, or putative class members and/or aggrieved employees

25  who she purports to represent.  Defendant further reserves the right to amend its Answer if

26  additional defenses become apparent throughout the course of litigation. Notwithstanding the

27  foregoing and without waiving its right to assert additional defenses, Defendant alleges the

28  following affirmative defenses that it now knows to be applicable to Plaintiff, or putative class

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

members and/or aggrieved employees who she purports to represent. As for its separate and independent affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any affirmative defense, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Facts Sufficient to State a Cause of Action)**

1.     The Complaint, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

2.     The Complaint, and each purported claim for relief alleged therein, is barred by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure Sections 335.1, 337, 338(a), 339, 340(a), and 343, and Government Code sections 12960 and 12965.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.     Plaintiff's causes of action are barred because Plaintiff failed fully and adequately to exhaust her internal and external administrative remedies before commencing litigation.

**FOURTH AFFIRMATIVE DEFENSE**

**(Scope of the Charge)**

4.     Plaintiff's claims for alleged violations of the California Fair Employment and Housing Act (FEHA) (Gov. Code § 12900 *et seq.*) are barred, to the extent they are predicated upon events, incidents, acts, or omissions that are not the subject of, or are outside the scope of, a charge/complaint filed with the Department of Fair Employment and Housing (DFEH) and/or Equal Employment Opportunity Commission (EEOC).

**FIFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

5.     To the extent the Complaint seeks relief for alleged emotional or physical injuries, such relief is barred by the exclusive remedy provisions of the California Workers' Compensation

Act (Cal. Lab. Code §§ 3200 *et seq.*, 3600 *et seq.*).

## SIXTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Offset)

6.      If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries that give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Policies Prohibiting Discrimination and Retaliation)

7.      At all times relevant, Defendant had policies and practices in place to prevent discrimination and retaliation in the workplace, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid any alleged harm.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge as to Discrimination and Retaliation)

8.      Plaintiff's purported causes of action, and each of them, are barred, as Defendant had no knowledge that Plaintiff was subject to discrimination or retaliation as alleged in the Complaint. *Wellpoint Health Networks v. Superior Court* (1997) 59 Cal.App.4th 110.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

9.      Plaintiff's causes of action are barred on the grounds that Defendant exercised reasonable care to prevent and promptly correct discriminatory or retaliatory behavior, if any (which Defendant denies ever occurred).

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith Investigation)

10.      To the extent Plaintiff ever complained about or raised concerns regarding alleged conduct in violation of Defendant's policies against unlawful discrimination and retaliation, which she did not, Defendant took reasonable steps to investigate and address such allegations or

- 3 -

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

concerns.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action)

11.     Plaintiff's purported causes of action, and each of them, are barred as Defendant took all reasonable steps to prevent any alleged discrimination and retaliation once Defendant was made aware of the Plaintiff's complaint, if Plaintiff in fact complained. *Wellpoint Health Networks v. Superior Court* (1997) 59 Cal.App.4th 110.

## TWELFTH AFFIRMATIVE DEFENSE

### (Same Decision)

12.     Assuming *arguendo* any of Defendant's actions were motivated by both discriminatory/retaliatory and non-discriminatory/non-retaliatory reasons, the non-discriminatory/non-retaliatory reasons alone would have induced Defendant to make the same decision.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Disability or Perceived Disability)

13.     Any cause of action for disability and/or perceived disability discrimination under the California Fair Employment and Housing Act is barred because Plaintiff neither had nor was perceived as having a disability, medical condition, or other qualifying condition, within the meaning of that law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff was Accommodated)

14.     To the extent one was required, Plaintiff was provided with a reasonable accommodation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice of or Request for Accommodation)

15.     Plaintiff's cause of action for failure to accommodate her alleged disability is barred because Plaintiff failed to provide notice to Defendant of any alleged disability or perceived disability or any purported need for an accommodation.

- 4 -

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614-7276

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Duty to Provide Reasonable Accommodation)

16.     Plaintiff's causes of action for disability-related discrimination fail because Defendant had no duty to provide Plaintiff with a reasonable accommodation because of Plaintiff's acts or omissions with respect to her alleged disability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

17.     Defendant is informed and believes that, to the extent Defendant failed to provide Plaintiff with an accommodation, such action was justified because the accommodation allegedly requested by Plaintiff would have imposed an undue hardship on the operations of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Engage in Interactive Process)

18.     Plaintiff's cause of action for failure to accommodate fails to state a claim for which relief can be granted because Plaintiff failed to engage in the interactive process with Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Timely and Good Faith Interactive Process)

19.     The Complaint, and each purported cause of action alleged in the Complaint, is barred because, to the extent Plaintiff requested any accommodation, Defendant engaged in a timely and good faith interactive process.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reasonable Factors)

20.     The alleged acts of which Plaintiff complains were based on reasonable factors other than disability, pregnancy, race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, or any other prohibited factors.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Health and Safety Risk)

21.     The Complaint, and each purported cause of action alleged in the Complaint, is barred because Plaintiff's purported disability prevented her from doing her job without

- 5 -

1  endangering her own health and safety or the health and safety of others.

2  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3  **(Inability to Perform)**

4  22.    The Complaint, and each purported cause of action alleged in the Complaint, is

5  barred because, even with reasonable accommodation(s), Plaintiff could not perform the essential

6  functions of her job due to her purported disability.

7  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

8  **(Failure to Mitigate)**

9  23.    Plaintiff has failed to mitigate her damages and failed to exercise due diligence in

10  her efforts, if any, to mitigate his damages.

11  ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12  **(Avoidable Consequences Doctrine)**

13  24.    Plaintiff is not entitled to recovery on some or all of the purported causes of action

14  because any purported loss could and should have been reduced or avoided by Plaintiff by

15  complying with Defendant's instructions and procedures.

16  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

17  **(Performance of Duties)**

18  25.    The Complaint and each purported claim for relief alleged therein, is barred because

19  Defendant has fully performed any and all contractual, statutory, and/or other duties it arguably

20  owes to Plaintiff under applicable law.

21  ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22  **(Management Discretion)**

23  26.    Any and all conduct of which Plaintiff complains was a just and proper exercise of

24  management discretion by Defendant and its agents and was undertaken for fair and honest reasons

25  and in good faith under the circumstances that existed.

26  ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27  **(Sufficient Justification and Privilege)**

28  27.    Defendant's conduct with respect to Plaintiff was justified, privileged, and effected

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614-7276

- 6 -

in good faith, without malice, spite, or conscious, reckless, or negligent disregard of Plaintiff's rights, if any, and without improper purpose or motive, maliciousness, or ill will of any kind. Defendant's conduct was within the reasonable expectation of the parties and was reasonably related to Defendant's legitimate business interests.  Consistent with the foregoing, Defendant did not directly or indirectly perform or fail to perform any acts that constitute a violation of any rights, if any, of Plaintiff or the public, or a violation of any duty or obligation, if any, owed to Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Mixed-Motive)

28.     Assuming, *arguendo*, that there was a violation of the California Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible factor, all employment actions taken herein still would have been taken due to work performance reasons and/or other legitimate, non-prohibited, and/or independent reason(s).  Defendant herewith raises the "mixed-motive" defense.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

29.     Any and all acts alleged to have been committed by Defendant, if any such act occurred, which is not admitted herein, were the responsibility of Plaintiff or others, and Plaintiff is therefore barred entirely from any recovery against Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

30.     The Complaint, and each purported claim for relief alleged therein, is barred in whole or in part because Plaintiff's damages, if any, were caused by third parties acting outside the scope of agency, employment, or control of Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Outside the Scope of Authority)

31.     If any manager or supervisor engaged in the conduct alleged in the Complaint, such supervisor or manager acted outside the scope of his or her employment with Defendant.

- 7 -

ANSWER TO COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

1

2

3

4

5

6

7

8

9

10

11

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Consent and Constructive Knowledge)

32.     Assuming *arguendo* any of Defendant's authorized representatives unlawfully discriminated or retaliated against Plaintiff, Defendant was not aware of such discrimination or retaliation, nor should it have reasonably been aware of such at all times relevant herein, and Plaintiff is thus barred from asserting any claim for relief or claim against Defendant based upon such conduct.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Compliance with Applicable Laws and Regulations)

33.     Plaintiff's claims are barred in whole or in part because Defendant has substantially complied with any and all applicable statutes, regulations, and/or laws.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff Seeks Unjust Enrichment)

34.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, on the ground that Plaintiff would be unjustly enriched if she were allowed to recover certain claimed damages in the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Damages or Injury)

35.     The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff has not suffered any damages or injury as a result of any actions allegedly taken (or omissions allegedly made) by Defendant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Preexisting/Alternative Causes)

36.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

- 8 -

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Factors Cause Emotional Distress)

37.     To the extent Plaintiff has suffered any emotional distress, which Defendant denies, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant, or anyone acting on Defendant's behalf.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

38.     Any acts or omissions to act by Defendant were not the proximate cause of any injuries allegedly suffered by Plaintiff.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

39.     Defendant is informed and believes, and on that basis alleges, that the Complaint and each purported cause of action alleged in the Complaint is barred by the doctrine of unclean hands.

## FORTIETH AFFIRMATIVE DEFENSE

### (Estoppel)

40.     The Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of estoppel.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Laches)

41.     The Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

42.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

43.     Pursuant to Labor Code Section 2922, and in light of the facts underlying Plaintiff's employment, Plaintiff was an at-will employee, whose employment was terminable at any time, without notice, and without cause or justification.  Accordingly, Plaintiff is barred from asserting any causes of action for damages that are inconsistent with the at-will nature of the employment relationship.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

44.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence that independently justified Plaintiff's termination of employment.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Would Be Unconstitutional)**

45.     Plaintiff is not entitled to recover any punitive damages sought in the Complaint because such damages would violate Defendant's rights under the Constitution of the United States of America and the Constitution of the State of California, including without limitation, Defendant's rights to (1) procedural due process under the Constitution of the State of California and the Fourteenth Amendment of the Constitution of the United States of America; (2) protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States of America, and Article I, Section 7 of the Constitution of the State of California; and (3) substantive due process provided in the Constitution of the State of California and the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Right to Attorneys' Fees)**

46.     The Complaint, and each purported claim for relief alleged therein, fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

ANSWER TO COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Itemized Statement Penalty)**

47.     Defendant did not knowingly or intentionally fail to provide accurate itemized statements to Plaintiff, or any of the putative class members, within the meaning of Labor Code Section 226.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

48.     Defendant did not willfully fail to pay Plaintiff, or any putative class members, wages within the meaning of Labor Code Section 203 because a good faith dispute exists as to whether any wages are due.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(No Unfair or Unlawful Business Practice)**

49.     Defendant has not engaged in any "business practice" that is "unlawful," "unfair," or "fraudulent" within the meaning of California Business and Professions Code Section 17200, *et seq.*

**FIFTIETH AFFIRMATIVE DEFENSE**

**(Unconstitutionally Vague)**

50.     As applied to the allegations set forth in the Complaint, the provisions of California Business and Professions Code Section 17200, *et seq.* are unconstitutionally vague and violate Defendant's rights under the United States and California Constitutions.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

**(No Standing)**

51.     Plaintiff, and some or all of the putative class members, lack standing to assert their alleged claims against Defendant.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

**(Class Action Not Proper)**

52.     This action is not properly brought as a class action.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

**(Representation Not Proper)**

53.     Plaintiff cannot adequately represent the proposed putative class.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Community of Interest)**

54.     The purported class members do not share a community of interest in common questions of law and/or fact.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

**(Penalties Would be Unconstitutional)**

55.     Plaintiff, the putative class members, and aggrieved employees are not entitled to recover any penalties as prayed for in the Complaint, because such an award would violate Defendant's rights under the Constitution of the United States of America and the Constitution of the State of California, including without limitation, Defendant's rights to (1) procedural due process under the Constitution of the State of California and the Fourteenth Amendment of the Constitution of the United States of America; (2) protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States of America, and Article I, Section 7 of the Constitution of the State of California; and (3) substantive due process provided in the Constitution of the State of California and the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiff is not an "Aggrieved Employee")**

56.     Plaintiff's recovery of alleged civil penalties pursuant to the Private Attorney General Act ("PAGA") is barred, in whole or in part, because she is not an "aggrieved employee" within the meaning of Labor Code 2699.

/ / /

/ / /

/ / /

/ / /

- 12 -

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614-7276

1

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Failure to Provide Proper Notice to LWDA and Employer)

3

57.     Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to

4

provide proper notice of her claims to the Labor and Workforce Development Agency and/or

5

Defendant.

6

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (No Ascertainable Representative Group)

8

58.     Plaintiff's claims are barred, in whole or in part, because the purported

9

representative group is not ascertainable.

10

## FIFTY-NINTH AFFIRMATIVE DEFENSE

11

### (Unmanageability)

12

59.     Plaintiff's claims are barred, in whole or in part, because litigation and/or trial of

13

the purported representative group is not manageable due to the number of individualized issues.

14

## SIXTIETH AFFIRMATIVE DEFENSE

15

### (No Certification From Health Care Provider)

16

60.     Plaintiff's claims are barred, in whole or in part, because she failed to provide the

17

requisite certification from her health care provider regarding her alleged need for leave or other

18

accommodation, either as soon as reasonably possible or at all.

19

/ / /

20

/ / /

21

/ / /

22

/ / /

23

/ / /

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

## **RESERVATION OF RIGHTS**

Defendant reserves the right, upon completion of its investigation and discovery, to file such additional affirmative defenses as may be appropriate.

WHEREFORE, Defendant hereby requests judgment as follows:

1.     That Plaintiff takes nothing by the Complaint and that the same be dismissed with prejudice;

2.     That judgment be entered in favor of Defendant;

3.     That Defendant be awarded its attorneys' fees and costs of suit;

4.     For such other and further relief as this Court deems just and proper.

Dated:  December 29, 2020

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom
Daria Dub Carlson
Bernice Diaz

By:_____
     Daria Dub Carlson
Attorneys for Defendant Walgreen Co.

ANSWER TO COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

**PROOF OF SERVICE**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  120 Broadway, Suite 300, Santa Monica, California 90401-2386.  My email address is: raul.morales@bclplaw.com.

    On December 29, 2020, I served the foregoing document(s) described as: **DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action as follows:

Howard L. Magee                                        *Counsel for Plaintiff*
Larry W. Lee
Simon L. Yang
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
Tel:  (213) 488-6555
Fax: (213) 488-6554
Email: hmagee@diversitylaw.com
lwlee@diversitylaw.corn
sly@diversitylaw.com

☒    **BY MAIL:**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY OVERNIGHT CARRIER:**  I deposited in a box or other facility maintained by Federal Express, GSO Overnight or other express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, for overnight delivery, with delivery fees paid or provided for addressee as indicated.

☐    **BY EMAIL:**  I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above.  Each transmission was reported as complete and without error.

☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on December 29, 2020, at Santa Monica, California.

_____
Raul Morales

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386