Howard L. Magee (State Bar No. 185199)
Larry W. Lee (SBN 228175)
Simon L. Yang (SBN 260286)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
Email: hmagee@diversitylaw.com
          lwlee@diversitylaw.com
          sly@diversitylaw.com

Attorneys for Plaintiff and the Class
(Additional Counsel on Next Page)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY ANN JULIAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:20-cv-09446-VC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:          November 18, 2021<br>Time:         2:00 p.m.<br>Dept.:        Courtroom 4, 17th Floor<br>Judge:       Hon. Vince Chhabria |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William L. Marder, Cal Bar No. 170131
POLARIS LAW GROUP
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:     831.531.4214
Facsimile:      831.634.0333
Email: bill@polarislawgroup.com

Dennis S. Hyun (State Bar No. 224240)
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile
Email: dhyun@hyunlegal.com

Attorneys for Plaintiff and the Class

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
REPRESENTATIVE ACTION SETTLEMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2021, at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Judge Vince Chhabria, in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Plaintiff Joy Ann Julian ("Plaintiff") will and hereby does move the Court for preliminary approval of the proposed class and representative action settlement.  Specifically, Plaintiff respectfully requests that the Court: (1) grant preliminary approval for the proposed class and representative action settlement; (2) grant conditional certification of the proposed settlement class; (3) authorize the mailing of the proposed notice to the class of the settlement; and (4) schedule a "fairness hearing," i.e., a hearing on the final approval of the settlement.

Plaintiff makes this motion on the grounds that the proposed settlement is within the range of possible final approval, and notice should, therefore, be provided to the class.  This Motion is based upon this Notice of Motion and Motion for Preliminary Approval of Class and Representative Action Settlement, the attached Memorandum of Points and Authorities in Support, the Declarations of Larry W. Lee, Howard L. Magee, Dennis S. Hyun, William L. Marder, Simon L. Yang, and Joy Ann Julian filed herewith, the Stipulation of Class Action Settlement and Release of Claims filed herewith, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.


DATED:  September 27, 2021          DIVERSITY LAW GROUP, P.C.

By:   /s/ Larry W. Lee
          Larry W. Lee
Attorneys for Plaintiff and the Class

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION AND SUMMARY OF AGREEMENT ...................................... 9

A.   Factual Allegations and Procedural Background ................................. 9

B.   Summary of the Current Settlement ............................................ 10

C.   The Settlement is Fair, Reasonable, and Adequate ............................ 12

II.  LEGAL ANALYSIS ................................................................ 12

A.   The Class at Issue and the Settlement Fund ................................... 12

B.   Two-Step Approval Process ..................................................... 12

C.   The Standard for Preliminary Approval ......................................... 13

D.   Procedures for Settlement Before Class Certification .......................... 14

E.   The Settlement is Fair and Reasonable and Not the Result of Fraud or Collusion ........... 15

   1.   The Settlement May be Presumed Fair and Reasonable ........................ 15

      a.   Experience of Class Counsel ........................................... 16

      b.   Investigation Prior to Settlement ...................................... 16

   2.   The Settlement is Fair, Reasonable, and Adequate .......................... 17

      a.   Risk of Continued Litigation .......................................... 17

      b.   The Settlement is Within the Range of Reasonableness .................. 18

      c.   The Complexity, Expense, and Likely Duration of Continued Litigation Against the Settling Defendant Favors Approval .......................... 19

      d.   Non-Admission of Liability by Defendants .............................. 20

F.   The Proposed Settlement Class Satisfies the Elements for Certification ............ 20

   1.   Numerosity ............................................................... 20

   2.   Ascertainability ......................................................... 21

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
REPRESENTATIVE ACTION SETTLEMENT

3.   **Typicality** ..................................................................................... 21

4.   **Commonality** ................................................................................. 21

5.   **Adequacy** ....................................................................................... 22

6.   **Common Questions of Law and Fact Predominate** ..................... 22

7.   **Superiority of Class Action** .......................................................... 22

G.   **The Notice to be Given is the Best Practical** ................................. 22

H.   **Attorneys' Fees, Costs, and Class Representative Enhancement Payment** ........................ 23

I.   **Settlement Administrator** ..................................................................... 24

III.   **CONCLUSION** ..................................................................................... 24

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
REPRESENTATIVE ACTION SETTLEMENT**

1

## **TABLE OF AUTHORITIES**

2

**Federal Cases**

3   *Bellinghausen v. Tractor Supply Co.*, No. 13-CV-02377-JSC, 2015 WL 1289342, at *6 (N.D. Cal. Mar.

4      20, 2015) ................................................................................................................................ 16

5   *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979)................................................ 17

6   *Chavez v. Lumber Liquidators, Inc.*, 2012 WL 1004850, at *6 (N.D. Cal. Mar. 26, 2012) .................... 21

7   *Cook v. Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998) ................................................................ 23

8   *EEOC v. General Telephone Co.*, 599 F.2d 322 (9th Cir. 1979)..................................................... 10

9   *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)............................................................. 17, 19

10  *Hammon v. Barry*, 752 F. Supp. 1087, 1093-1094 (D.D.C. 1990)................................................. 15

11  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ............................................ 21, 22

12  *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)......................... 20

13  *In re Chicken Antitrust Litig.*, 560 F. Supp. 957, 962 (N.D. Ga. 1980)....................................... 15

14  *In re Excess Value Ins. Coverage Litig.*, No. M-21-84 (RMB), 2004 WL 1724980, at *10 (S.D.N.Y. July

15     30, 2004) ................................................................................................................................ 15

16  *In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995) .................................................. 17

17  *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001) ........................ 15

18  *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ...................................... 16

19  *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D.

20     Cal. 1988)............................................................................................................................... 21

21  *Jordan v. L.A. County*, 669 F.2d 1311, 1320 (9th Cir.) .......................................................... 20

22  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) ............................ 22

23  *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987) .... 15

24  *Marshall v. Kirkland*, 602 F.2d 1282 (8th Cir. 1979)............................................................. 10

25  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)............... 15, 20

26  *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th

27     Cir. 1982) ...................................................................................................................... 13, 14, 19

28

*Patrick v. Marshall*, 460 F. Supp. 23, 26 (N.D. Cal. 1978) ................................................ 20

*Philadelphia Hous. Auth. v. Am. Radiator & Standard. Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970) ........................................................................................................................ 14

*Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) .................................................... 15

*Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir. 1986) ............................ 10

*Shiferaw v. Sunrise Senior Living Mgmt., Inc.*, 2014 WL 12585796, at *8 (C.D. Cal. June 11, 2014) ... 21

*Sommers v. Abraham Lincoln Federal Sav. & Loan Ass'n*, 79 F.R.D. 571, 576 (E.D. Pa. 1978) .......... 15

*Steinberg v. Carey*, 470 F. Supp. 471, 478 (S.D.N.Y. 1979) ............................................... 15

*Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989) ..................... 13, 14

*Van Ba Ma v. Covidien Holding Inc.*, U.S. Dist. Ct. Case No. 8:12-cv-02161 (C.D. Cal. 2014) ........... 17

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ...................................... 20

*Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995) ...................... 23

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA EMC, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) ....................................................................................................... 17

*Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997) ................................ 14

*Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ............................................. 15

*Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971) ...................................................... 19

**State Cases**

*Carrington v. Starbucks Corp.*, 30 Cal. App. 5th 504 (2018) ............................................. 17

**Statutes**

California Labor Code § 201-204 .......................................................................... 9, 18

California Labor Code § 226 .............................................................................. 9, 18

California Labor Code § 226.3 ............................................................................... 9

California Labor Code § 233 .............................................................................. 9, 18

California Labor Code § 246 .............................................................................. 9, 18

California Labor Code § 2698 ............................................................................... 18

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
REPRESENTATIVE ACTION SETTLEMENT

**Federal Codes**

Fed. R. Civ. P. 23(a)(1) ................................................................................................ 20

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 21

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................................... 22

Fed. R. Civ. P. 23(e)(B) ................................................................................................ 22

Government Code § 12945 .............................................................................................. 9

**Other Authorities**

4 Conte & Newberg, *Newberg on Class Actions*, § 11.26 (4th ed. 2010) ......................... 13, 15

44 Conte & Newberg, *Newberg on Class Action* at § 11.41 ............................................ 20

4 Conte & Newberg, *Newberg on Class Actions* at § 11.45 ............................................ 18

4 Conte & Newberg, *Newberg on Class Actions* at § 11.47 ............................................ 15

5 James Wm. Moore et al., *Moore's Federal Practice* § 23.165 (3d ed. 2010) .................. 14

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632 ................................... 13, 14

Manual for Complex Litigation ("MCL") § 21.62 at 316 ................................................. 17

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF AGREEMENT

Plaintiff Joy Ann Julian ("Plaintiff") respectfully requests that the Court grant preliminary approval of the Stipulation of Class Action Settlement and Release of Claims (hereinafter referred to as "Agreement" or "Settlement") that she has reached in the above-captioned matter with Defendant Walgreen Co. ("Defendant") (Plaintiff and Defendant collectively referred to as the "Parties").

### A.   Factual Allegations and Procedural Background

This is a class and representative action pursuant to the Private Attorneys General Act (the "PAGA"). Specifically, Plaintiff asserts that Defendant failed to Plaintiff and Class Members their sick pay wages at the regular rate of pay. Plaintiff was paid additional non-discretionary remuneration, including shift differentials and/or shift premiums, in pay periods in which Plaintiff used accrued sick leave and earned sick pay wages. Defendants did not factor these bonuses into the regular rate of pay for purposes of calculating and paying sick pay wages. Plaintiff's sick pay wages was paid at Plaintiff's base rate, as opposed to the higher regular rate. Plaintiff seeks all applicable relief, including without limitation, unpaid wages and attendant penalties, including under Labor Code §§ 201-204, 226, 226.3, 246, and the PAGA, as well as attorneys' fees and costs.

On November 16, 2020, Plaintiff commenced this action in Superior Court for the State of California, County of San Mateo, asserting 14 causes of action, 4 of which were alleged on behalf of the Class and/or Aggrieved Employees; those were for: (1) violation of Labor Code §§ 201-204, 233, and 246; (2) violation of Labor Code § 226; (3) violation of Labor Code § 2698 et seq.; and (4) unfair or unlawful business practices. Plaintiff alleged her claims individually and on behalf of all current and former non-exempt California employees who were paid sick pay in the same workweek in which they earned any non-discretionary incentive wages from Defendant at any time from May 20, 2016 through the present. The Fifth through Fourteenth Causes of Action are asserted by Plaintiff as an individual only as follows: (5) disability discrimination in violation of the California Fair Employment & Housing Act ("FEHA"); (6) pregnancy discrimination in violation of the FEHA; (7) violation of the California Family Rights Act; (8) violation of Government Code § 12945; (9) failure to accommodate in violation of FEHA; (10) failure to engage in the interactive process in violation of FEHA; (11) retaliation in

1   violation of FEHA; (12) failure to prevent discrimination in violation of FEHA; (13) wrongful

2   termination in violation of public policy; and (14) intentional infliction of emotional distress.

3   (Agreement at § I(EE)).  These claims are defined as "Wrongful Termination Claims" and were resolved

4   through a separate individual settlement agreement.  (*Id.* at III(C)).[1]

5   On December 29, 2020, Defendant file its Answer.  On December 31, 2020, Defendant filed a

6   Notice of Removal of Action to the United States District Court for the Northern District of California.

7   Plaintiff conducted formal written discovery, including propounding interrogatories and requests

8   for production.  Plaintiff obtained and reviewed Defendant's discovery responses and document

9   production.  (Declaration of Larry W. Lee ("Lee Decl.") ¶ 3).  The Parties then agreed to conduct a

10  private mediation with wage and hour class action mediator Steve Pearl on July 20, 2021.  (*Id.* ¶ 4).   In

11  connection with the mediation, Defendant provided Plaintiff with data for the entire class, which

12  permitted Plaintiff's counsel to conduct a damage analysis.  (*Id.*)

13  **B.     Summary of the Current Settlement**

14  Again, on July 20, 2021, the Parties attended an all-day mediation before Steve Pearl.  After a

15  full of negotiations, the Parties were able to resolve the case on a class-wide basis and entered into a

16  Stipulation of Class Action Settlement and Release of Claims.  (Lee Decl. ¶¶ 4-6).  The negotiations

17  were hard fought and contentious.  As a result thereof, the Parties have reached the current settlement,

18  which provides for a Maximum Settlement Fund of two hundred and seventy five thousand dollars

19  ($275,000.00) inclusive of payments to settlement class members, the class representative enhancement,

20  attorneys' fees and costs, payment to the State of California Labor and Workforce Development Agency

21  (pursuant to PAGA), and settlement administration costs.  (Agreement at § I(O)).

22  Pursuant to the terms of the Settlement Agreement, the Net Settlement Amount ("NSA") (after

23  deduction of attorneys' fees in the amount of up to $91,666.67, costs up to $25,000.00, enhancement fee

24

25  ---

26  [1] The Ninth Circuit has held that named plaintiffs may also assert individual wrongful termination
    claims, along with class claims, and that doing so does not render the named plaintiff inadequate.  *Probe*
27  *v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir. 1986) (individual claims regularly
    litigated with class action) (citing *Marshall v. Kirkland*, 602 F.2d 1282 (8th Cir. 1979) and *EEOC v.*
28  *General Telephone Co.*, 599 F.2d 322 (9th Cir. 1979)).  Nonetheless, the Parties have already settled the
    Wrongful Termination Claims, and will be submitting a request for dismissal of such claims prior to this
    hearing.

in the amount of up to $5,000.00, PAGA penalties in the amount of $15,000.00 to the Labor Workforce Development Agency (the "LWDA"), or 75% of $20,000.00), and costs of administration in the amount of approximately $6,500.00) is approximately $131,833.33.  (Agreement at § III(M)(6)).  10% of the NSA will be allocated as wages and 90% of the NSA will be allocated as penalties.  (Agreement at § III(M)(1)(b)).  Defendant will be responsible for the employer portion of payroll taxes.  (Agreement at § III(G)).

Individual settlement payments will be calculated based on the number of pay periods a Class Member worked during the Class Period and the PAGA Period.  (Agreement at § I(J)).  Specific calculations of individual settlement payments will be made as follows:

> Using the Class Data, the Settlement Administrator will calculate the total Compensable Workweeks for all Settlement Class Members by adding the number of Compensable Workweeks for each Settlement Class Member during the Class Period. The respective Compensable Workweeks for each Settlement Class Member will be divided by the total Compensable Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each Settlement Class Member.  Each Settlement Class Member's Payment Ratio will then be multiplied by the Net Settlement Amount to calculate each Settlement Class Member's estimated Individual Settlement Payments.[2]

(Agreement at §§ I(J), (U), III(M)(1)(a)).

**Significantly, this settlement is non-reversionary and claim forms are <u>not</u> required**.  In other words, none of the unclaimed settlement funds will revert back to Defendant and a class member need not do anything to receive his or her share.  Instead, the class member will automatically receive a check in connection with resolution of the class and representative claims so long as he or she does not opt-out. Any remaining monies from uncashed checks will be distributed to Legal Aid at Work.  (Agreement at § III(M)(1)(d)).  The class members can be ascertained from Defendant's payroll records.  Based upon Defendants' records, the estimated number of unique class members is approximately 400.  (Lee Decl. ¶ 9).  Further, as discussed above, class members have the right to opt-out of the settlement of the class claims.

---

[2] "Compensable Workweeks" is defined as means the total number of weeks during which Settlement Class Members were paid sick pay in the same workweek in which they earned any non-discretionary incentive compensation during the Class Period.  (Agreement at I(J)).

11

### C.      The Settlement is Fair, Reasonable, and Adequate

Based on their own respective independent investigations and evaluations, the Parties and their respective counsel are of the opinion that settlement for the consideration and on the terms set forth in their Settlement is fair, reasonable, and adequate and is in the best interests of the Class and the Defendant in light of all known facts and circumstances and the expenses and risks inherent in litigation. (Lee Decl. ¶¶ 7-10, 12; Declaration of Simon L. Yang ("Yang Decl.") ¶¶ 6-7; Declaration of Howard L. Magee ("Magee Decl.") ¶¶ 2-4; Declaration of Dennis Hyun ("Hyun Decl.") ¶¶ 7-9; Declaration of William L. Marder ("Marder Decl.") ¶¶ 2-3).

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged by Plaintiff, and further denies that, for any purpose other than that of settling this lawsuit, this action is appropriate for class treatment.  If this case continued in litigation, Defendant also would assert that Plaintiff would not be able to certify her claims or prevail on liability.  Defendant maintains that it has complied with all applicable wage and hour laws.

Based on the approximate 400 class members, each Participating Class Member will receive a raw average of approximately $329.58 after deduction for attorneys' fees, enhancement payment, payment to the Labor and Workforce Development Agency ("LWDA"), administration costs, and litigation costs.  (Lee Decl. ¶ 10).  Each individual class member's settlement amount may be more or less than this raw average, depending on the number of pay periods the class member worked during the Class Period.

## II.     LEGAL ANALYSIS

### A.      The Class at Issue and the Settlement Fund

Defendant has agreed to collect information regarding the identity of the members of the Settlement Class.  The Parties have further agreed and stipulated that this class be certified on a provisional, non-mandatory basis for the purposes of this settlement only.  As set forth in the Settlement, the Parties have agreed that the settlement is non-reversionary and that claim forms will not be required.

### B.      Two-Step Approval Process

Any settlement of class litigation must be reviewed and approved by the Court.  This is done in two steps: (1) an early (preliminary) review by the court, and (2) a final review and approval by the

court after notice has been distributed to the class members for their comment or objections. The Manual for Complex Litigation, Fourth states:

> Review of a proposed class action settlement generally involves two hearings.  First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation.  In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties.  If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined.  The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).  If there is a need for subclasses, the judge must define them and appoint counsel to represent them.  The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

Manual for Complex Litigation ("MCL") (4th ed. 2004), § 21.632.

Thus, the preliminary approval by the trial court is simply a conditional finding that the settlement appears to be within the range of acceptable settlements.  As Professor Newberg comments, "[t]he strength of the findings made by a judge at a preliminary hearing or conference concerning a tentative settlement proposal may vary.  The court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid subject only to any objections that may be raised at a final hearing."  4 Conte & Newberg, *Newberg on Class Actions*, § 11.26 (4th ed. 2010).  Accordingly, a court should grant preliminary approval of a class action settlement where it is within the "range of reasonableness."  Here, the Parties have reached such an agreement and have submitted it to the Court in connection with this filing.

### C.    The Standard for Preliminary Approval

As a matter of public policy, settlement is a strongly favored method for resolving disputes.  *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989). This is especially true in complex class actions such as this case.  *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable, and adequate.  Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice

their views of the settlement or to exclude themselves from the settlement.  5 James Wm. Moore et al.,

*Moore's Federal Practice* § 23.165 (3d ed. 2010).  In considering the settlement, the Court need not

reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute and

need not engage in a trial on the merits.  *Officers for Justice*, 688 F.2d at 625.  Preliminary approval is

merely the prerequisite to giving notice so that "the proposed settlement ... may be submitted to

members of the prospective class for their acceptance or rejection."  *Philadelphia Hous. Auth. v. Am.*

*Radiator & Standard. Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

"The judge should raise questions at the preliminary hearing and perhaps seek an independent

review if there are reservations about the settlement, such as unduly preferential treatment of class

representatives or segments of the class, inadequate compensation or harms to the classes, the need for

subclasses, or excessive compensation for attorneys."  MCL § 21.633. Here, the proposed settlement

does not pose such issues.  The Parties each being represented by highly competent counsel.  Further,

the proposed settlement was reached after the Parties utilized the assistance of an experienced mediator

and after substantial arm's length negotiations between the Parties.  As detailed herein, the proposed

Settlement satisfies the standard for preliminary approval as it is well within the range of possible

approval and there are no grounds to doubt its fairness.  The Parties' attorneys have extensive

experience in employment law, particularly wage and hour litigation, and reached settlement only after

mediation and extensive arm's length negotiations subsequent to the mediation.

### D.  Procedures for Settlement Before Class Certification

The parties also may, at the preliminary approval stage, request that the court provisionally

approve certification of the class – conditional upon final approval of the settlement.  Settlements are

highly favored, particularly in class actions.  *Util. Reform Project v. Bonneville Power Admin.*, 869 F.2d

437, 443 (9th Cir. 1989); *Officers for Justice*, 688 F.2d at 625; *Wilkerson v. Martin Marietta Corp.*, 171

F.R.D. 273, 284 (D. Colo. 1997). Plaintiff requests such provisional approval at the preliminary

approval hearing:

> The strength of the findings made by a judge at a preliminary hearing or
> conference concerning a tentative settlement proposal…may be set out in
> conditional orders granting tentative approval to the various items
> submitted to the court.  Three basic rulings are often conditionally entered
> at this preliminary hearing. These conditional rulings may approve a
> temporary settlement class, the proposed settlement, and the class

1  counsel's application for fees and expenses.

2  4 Newberg on Class Actions at §11.26.

3      There is a presumption that a proposed settlement is fair and reasonable when it is the result of

4  arm's-length negotiations. *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) ("The court

5  should defer to the judgment of experienced counsel who has competently evaluated the strength of his

6  proofs."); *In re Excess Value Ins. Coverage Litig.*, No. M-21-84 (RMB), 2004 WL 1724980, at *10

7  (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length

8  negotiations conducted by experienced counsel knowledgeable in complex class litigation, the

9  Settlement will enjoy a presumption of fairness.'") (Citations omitted); *In re Inter-Op Hip Prosthesis*

10 *Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001) ("When a settlement is the result of extensive

11 negotiations by experienced counsel, the Court should presume it is fair."). Here, the Parties have also

12 stipulated to certify the class for purposes of this settlement only. For reasons set forth in greater detail

13 below, Class Counsel is of the opinion that this case can be certified for settlement purposes.

14     **E.     The Settlement is Fair and Reasonable and Not the Result of Fraud or Collusion**

15          **1.     The Settlement May be Presumed Fair and Reasonable**

16     Courts presume the absence of fraud or collusion in the negotiation of settlement unless evidence

17 to the contrary is offered. *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989); *Mars Steel Corp. v.*

18 *Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987); *In re Chicken Antitrust*

19 *Litig.*, 560 F. Supp. 957, 962 (N.D. Ga. 1980). Courts do not substitute their judgment for that of the

20 proponents, particularly where, as here, settlement has been reached with the participation of

21 experienced counsel familiar with the litigation. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221

22 F.R.D. 523, 528 (C.D. Cal. 2004); *Hammon v. Barry*, 752 F. Supp. 1087, 1093-1094 (D.D.C. 1990);

23 *Steinberg v. Carey*, 470 F. Supp. 471, 478 (S.D.N.Y. 1979); *Sommers v. Abraham Lincoln Federal Sav.*

24 *& Loan Ass'n*, 79 F.R.D. 571, 576 (E.D. Pa. 1978).

25     While the recommendations of counsel proposing the settlement are not conclusive, the Court

26 can properly take them into account, particularly where, as here, they appear to be competent and have

27 experience with this type of litigation. *Newberg on Class Actions* at §11.47; *Nat'l Rural Telecomms.*

28 *Coop.*, 221 F.R.D. at 528 ("So long as the integrity of the arm's length negotiation process is preserved,

15

however, a strong initial presumption of fairness attaches to the proposed settlement…and 'great weight' is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.") (Citations omitted).

### a. Experience of Class Counsel

Here, counsel for the Parties have a great deal of experience in wage and hour class action litigation.  Plaintiffs' Counsel have been approved as class counsel in a number of other wage/hour class actions.  (Lee Decl. ¶¶ 8, 15; Yang Decl. ¶¶ 3-5; Magee Decl. ¶ 7; Hyun Decl. ¶¶ 6, 12; Marder Decl. ¶ 15).  Plaintiff's counsel also conducted an extensive investigation of the factual allegations, including formal written discovery.  (Lee Decl. ¶¶ 3-7).  Thus, based upon such experience and knowledge of the current case, Plaintiff's Counsel believe that the current Settlement is fair, reasonable, and adequate. (Lee Decl. ¶ 7; Yang Decl. ¶¶ 6-7; Magee Decl. ¶ 4; Hyun Decl. ¶ 7; Marder Decl. ¶¶ 2-3).

### b. Investigation Prior to Settlement

Each side has apprised the other of their respective factual contentions, legal theories, and defenses, resulting in extensive arm's length negotiations taking place among the Parties.  Indeed, prior to the mediation, Defendant provided to Plaintiff detailed pay and time data for the **entire** Class, which included the number of payroll periods at issue.  From this data, Plaintiff's counsel was able to calculate the maximum exposure, which is $584,600.00, which is based on approximately $5,000.00 owed due to unpaid sick pay wages or restitution, approximately $450,000.00 owed due to waiting-time penalties, approximately $64,800.00 in wage statement penalties, and $64,800 in PAGA penalties.  (Lee Decl. ¶ 5).  Thus, the $275,000.00 Settlement represents 47% of the total potential exposure.  This percentage of recovery is much higher than settlements approved in other class actions.  *See, e.g.*, *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (holding that class action settlement recovering 16% of potential exposure was fair and reasonable; "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair.  Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment"; noting that whether the settlement is fair and adequate depends on the "difficulties in proving the case"); *Bellinghausen v. Tractor Supply Co.*, No. 13-CV-02377-JSC, 2015 WL 1289342, at *6 (N.D. Cal. Mar. 20, 2015) (holding that class action settlement recovering

16

between 8.5% and 25% of the defendant's potential exposure was fair); *Van Ba Ma v. Covidien Holding Inc.*, U.S. Dist. Ct. Case No. 8:12-cv-02161 (C.D. Cal. 2014) (court granted preliminary approval of wage and hour class settlement which obtained ***only 9.1%*** of projected damages, given the risks of continued litigation); *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA EMC, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (holding that gross class action settlement of approximately 15% of the potential recovery was fair and reasonable).

Moreover, given the uncertainty of litigation, including the potential to not prevail on class certification, or the merits, and the potential for appeals, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the class members in light of all known facts and circumstances and the risks inherent in litigation.  (Lee Decl. ¶¶ 7-10, 12; Yang Decl. ¶¶ 6-7; Magee Decl. ¶¶ 2-4; Hyun Decl. ¶¶ 7-9; Marder Decl. ¶¶ 2-3).

And, with respect to PAGA penalties, there is no guarantee of recovery and/or a significant risk of reduction in penalties.  For example, in *Carrington v. Starbucks Corp.*, 30 Cal. App. 5th 504 (2018), the Court of Appeal affirmed the trial court's reduction of PAGA penalties by 90%.  Here, the total PAGA exposure is $64,800.00.  (Lee Decl. ¶ 5).  If this Court reduced the PAGA penalties by 90%, as the trial court did in *Carrington*, then the total exposure would be only $6,480.00.

## 2. The Settlement is Fair, Reasonable, and Adequate

The settlement for each participating class member is fair, reasonable and adequate, given the inherent risk of litigation, the risk of appeals, the risks in an area where it is argued that the law is unsettled, and the costs of pursuing such litigation.

### a. Risk of Continued Litigation

To assess the fairness, adequacy, and reasonableness of a class action settlement, the Court must weigh the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation.  *In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995) ("present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement."); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979); MCL § 21.62 at 316.

Here, the Settlement affords fair relief to the Class, while avoiding significant legal and factual battles that otherwise may have prevented the Class from obtaining any recovery at all.  Although Plaintiff's attorneys believe the Class's claims are meritorious, they are experienced and realistic, and understand that the outcome of a trial, and the outcome of any appeals that would inevitably follow if the Class prevailed at trial, are inherently uncertain in terms of both outcome and duration.

For example, Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, expressly denies that it did not properly pay the Class Members for sick leave, disputes the damages and penalties claimed by Plaintiff, and further contends that, for any purpose other than settlement, Plaintiff's claims are not appropriate for class or representative action treatment.  Defendant contends, among other things, that, at all times, it has complied with the California Labor Code, California Business & Professions Code and the Industrial Welfare Commission Wage Orders.  All the above underscores the significant risks to any recovery by Plaintiff and the putative class should this action proceed in litigation.  In light of all these risks, Plaintiff asserts that this settlement is fair, adequate, and reasonable.

### b.   The Settlement is Within the Range of Reasonableness

The standard of review for class settlements is whether the Settlement is within a range of reasonableness. As Professor Newberg comments:

> Recognizing that there may always be a difference of opinion as to the appropriate value of settlement, the courts have refused to substitute their judgment for that of the proponents. Instead the courts have reviewed settlements with the intent of determining whether they are within a range of reasonableness….

4 Newberg on Class Actions, at §11.45.

Here, the settlement fund is non-reversionary, such that 100% of the Net Class Settlement Amount will be available for distribution to class members who do not opt-out.  Moreover, the settlement does not require claim forms.  Rather, class members who do not opt-out will receive a check. Further, the settlement fund will be paid out entirely in cash (as opposed to a voucher, coupon, etc.)  In addition, as set forth in the Settlement Agreement, the class release is expressly limited to the class and representative claims asserted in this case, *i.e.*, violation of Labor Code §§ 201-204, 233, and 246, violation of Labor Code § 226, violation of Labor Code § 2698 *et seq.*, and unfair or unlawful business

18

practices:

> "Released Claims" means any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that are alleged, related to or that reasonably could have arisen out of the same facts alleged in causes of action numbers 1 through 4 in the Action, including, but not limited to: (1) violation of Labor Code §§ 201-204, 233, and 246; (2) violation of Labor Code § 226; (3) violation of Labor Code § 2698 et seq.; and (4) unfair or unlawful business practices.  This Release shall include, without limitation, claims that were raised, or that reasonably could have been raised, under the applicable Wage Orders and California Labor Code provisions, including Labor Code §§ 201-204, 210, 226, 226.3, 233, 246, and/or 2698 *et seq*., based on alleged violations of these Labor Code provisions (collectively, the "Released Claims").  The period of the Released Claims shall be the Class Period.  The Parties agree that the judgment, and release of claims provided herein, shall have *res judicata* effect.  The definition of Released Claims shall not be limited in any way by the possibility that Plaintiff or Settlement Class Members may discover new facts or legal theories or legal arguments not alleged in the operative pleadings in the Action but which might serve as an alternative basis for pursuing the same claims, causes of action or legal theories of relief falling within the definition of Released Claims.

(Agreement at § I(X)).

Pursuant to the Procedural Guidelines, the released claims are identical to the causes of action pled, or could have been pled based on the facts of the Complaint.  For these reasons, and for the reasons set forth above relating to the total liability and the risks of prevailing on the theories of liability alleged, Plaintiff believes that the current Settlement is fair, reasonable, and adequate.

**c.**     **The Complexity, Expense, and Likely Duration of Continued Litigation Against the Settling Defendant Favors Approval**

Another factor considered by courts in approving a settlement is the complexity, expense, and likely duration of the litigation.  *Officers of Justice*, 688 F.2d at 625; *Girsh*, 521 F.2d at 157. In applying this factor, the Court must weigh the benefits of the Settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial.  *Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971).

The Settlement provides to all class members fair relief in a prompt and efficient manner. Moreover, even if Plaintiff reached the issue of class certification, the losing party would likely seek an appeal of the certification decision.  Following a decision by the trier of fact, the losing party would

19

have the right to appeal.  Given the realities of litigation, this process places ultimate relief several years away.  The idea of balancing a fair recovery now, with settlement dollars being paid out now, as opposed to a years-long litigation and appeal process regarding various potential issues, is a significant factor to be considered.  *DIRECTV*, 221 F.R.D. at 526-27 ("Avoiding such a trial and the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation.").

Further, were the case to be denied class certification, the class members could be left without a remedy as a practical matter and courts across the state would have to address the issues presented here in a piecemeal, costly, and time-consuming manner.  The Settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits."  *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); 4 *Newberg on Class Actions*, at § 11.41.

### d.      Non-Admission of Liability by Defendants

Finally, Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit, and further denies that, for any purpose other than that of settling this lawsuit, this action is appropriate for class treatment.  Defendant maintains that it has complied at all times with California wage and hour laws.  Because of such denial, if this case is not resolved, it will likely continue to be a long and protracted litigation.

### F.      The Proposed Settlement Class Satisfies the Elements for Certification

#### 1.      Numerosity

The numerosity requirement is satisfied if the proposed class is "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Impracticable does not mean impossible, only that it would be difficult or inconvenient to join all members of the class.  *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).  Indeed, courts have found numerosity established by class actions consisting of as little as seven putative class members.  *Patrick v. Marshall*, 460 F. Supp. 23, 26 (N.D. Cal. 1978); *Jordan v. L.A. County*, 669 F.2d 1311, 1320 (9th Cir.) (noting, in dicta, that the court "would be inclined to find the numerosity requirement ... satisfied solely on the basis of [39] ascertained class members"), vacated on other grounds, 459 U.S. 810, 103 S. Ct. 35, 74 L.Ed.2d 48

1    (1982).  The Class consists of approximately 400 total persons.  (Lee Decl. ¶ 9).  Accordingly, here, the

2    Class is numerous and clearly satisfies the numerosity prong.

### 2.    Ascertainability

4    The Class is ascertainable and has already been identified in Defendant's records.  (Lee Decl. ¶

5    9).

### 3.    Typicality

7    Typicality under Rule 23(a)(3) is satisfied if the representative plaintiff's claims share a common

8    element with the class:  i.e., those claims arise from the same course of conduct that gave rise to the

9    claims of other settlement class members.  *In re United Energy Corp. Solar Power Modules Tax Shelter*

10   *Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988).  Here, Plaintiff submits that her claims are

11   typical of those of other class members because she alleges that she was subjected to the same

12   underpayment of sick pay wages whenever she earned non-discretionary incentive wages as the

13   members of the class.  (Declaration of Joy Ann Julian ("Julian Decl.") ¶ 2).  Therefore, it is Plaintiff's

14   position that her claims are typical of the class as a whole.

### 4.    Commonality

16   Commonality relates to whether there are "questions of law or fact common to the class." Fed. R.

17   Civ. P. 23(a)(2).  Commonality is satisfied if there is one issue common to class members.  *Hanlon v.*

18   *Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Here, Plaintiff contends that her claims for

19   underpayment of sick pay wages are suited for class treatment, as it involves the proper calculation of

20   the regular rate of pay.  *Shiferaw v. Sunrise Senior Living Mgmt., Inc*., 2014 WL 12585796, at *8 (C.D.

21   Cal. June 11, 2014) ("Whether certain bonuses were discretionary in nature and whether Sunrise

22   included retroactive pay raises and nondiscretionary bonuses in its calculation of overtime rates are

23   issues that can be addressed as to the entire class. The Class Certification Motion is GRANTED as to the

24   Regular Rate Subclass."); *Chavez v. Lumber Liquidators, Inc*., 2012 WL 1004850, at *6 (N.D. Cal. Mar.

25   26, 2012) ("Zaldivar's claims are typical of the 130 non-exempt employees' claims because all were

26   subject to the common pay practices of LLI.  Zaldivar has stated that he regularly worked more than

27   forty hours per week and that he received $12,282.87 in sales bonuses that were not incorporated in his

28   regular rate of pay for the purposes of calculating his overtime rate.").  Thus, Plaintiff contends that this

class action may be certified for settlement purposes.

### 5.     Adequacy

Adequacy under Rule 23(a)(4) is satisfied if the named plaintiffs have no disabling conflicts of interest with other members of the class and Class Counsel are competent and well qualified to undertake the litigation.  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  No conflict exists between Plaintiff and the Class because Plaintiff alleges that she has been damaged by the same alleged conduct as all class members and has the incentive to fairly represent all class members' claims to achieve the maximum possible recovery.  (Julian Decl. ¶¶ 3-5).  Plaintiff has spent considerable efforts in this case, including assisting with investigation, providing documents.  (*Id.* ¶ 3.)  Plaintiff remains willing to vigorously prosecute this action to the benefit of the class.  (*Id.* ¶ 4-5).  Moreover, Plaintiff is represented by attorneys who have extensive experience in complex wage and hour litigation as is detailed in each of their declarations supported herewith.

### 6.     Common Questions of Law and Fact Predominate

Here, common questions of law or fact predominate over individual questions pursuant to Rule 23(b)(3).  As discussed above, the issues of fact and law raised in this action are common to all members of the classes and predominate in this case.

### 7.     Superiority of Class Action

The requirement that a class action is superior to other methods of adjudication under Rule 23(b)(3) is also met.  Courts have recognized that the class action device is superior to other available methods for the fair and efficient adjudication of controversies involving large number of employees in wage and hour disputes. *See*, *e.g., Hanlon*, 150 F.3d at 1022.  Without class-wide relief in this action, the class members would be forced to litigate numerous cases on a piecemeal basis.

### G.     The Notice to be Given is the Best Practical

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  "The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal or compromise."  Fed. R. Civ. P. 23(e)(B).

1   Under the Settlement, the settlement administrator is to mail via First Class mail a copy of the

2   Court-approved Notice of Class Action Settlement ("Class Notice") to all Class Members.  The

3   Settlement Administrator will conduct a search based on the National Change of Address Database, or

4   other similar service, to update and correct for any known or identifiable address changes prior to

5   mailing.  (Agreement at § III(L)(3)).  The Class Notice provides the Class with the information need to

6   make an informed decision.  (Agreement Exh. 1).  It provides an explanation of the proposed settlement,

7   procedures on how to object, how to opt-out of the class settlement, and how to appear.  (*Id.*) The Class

8   Notice provides a brief explanation of the case, the exclusion and objection procedures/deadline, how to

9   access court records, a toll-free telephone number to obtain more information, the attorneys' fees to be

10  paid, and the Class Members' number of Compensable Workweeks.  (*Id.*) It also states that those who

11  do not opt out of the class settlement will be bound by the Settlement related to the release of individual

12  or class claims.  (*Id.*)

13  **H.      Attorneys' Fees, Costs, and Class Representative Enhancement Payment**

14  Pursuant to the terms of the Agreement, and without opposition from Defendant, Plaintiff will

15  also be entitled to request an enhancement up to a maximum of $5,000.00, which is to compensate

16  Plaintiff for prosecuting this case, participating in discovery, making herself available as needed,

17  including for trial, protecting the interests of the class, and executing a general release with a California

18  Civil Code § 1542 waiver.  *Cook v. Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998); *Van Vranken v.*

19  *Atlantic Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995).  Similarly, Class Counsel will seek

20  an award of attorney's fees of not more than 33 1/3% of the Maximum Settlement Fund, or $91,666.67

21  and reimbursement of actual costs of up to $25,000.00.  (Agreement at § III(M)(3)).  Both the requested

22  enhancement amounts and attorneys' fees and costs will be requested with Plaintiff's motion seeking

23  final approval of this class action settlement.  Plaintiff's attorneys have incurred a total of 236 hours as

24  of the date of this filing and anticipate incurring an additional 30 hours through final approval.  (Lee

25  Decl. ¶ 19; Magee Decl. ¶ 9; Yang Decl. ¶ 9; Hyun Decl. ¶ 12).  The total anticipated lodestar through

26  final approval will be approximately $196,075.00, which is already more than two times the allocated

27  attorneys' fees of $91,666.67.  (*Id.*)  As of the date of this filing, Plaintiff's counsel has incurred

28  $7,700.00 in costs, which is well below the $25,000.00 allocated to costs.  (Lee Decl. ¶ 20).

23

### I.      Settlement Administrator

The Parties have selected Simpluris as the Settlement Administrator.  (Agreement at § I(CC)).
Plaintiff's counsel obtained quotes from Phoenix Settlement Administrators, Simpluris, and ILYM.
(Lee Decl. ¶ 18).  Given that Simpluris had the lowest quote, the Parties agreed to use Simpluris.  (*Id.*)
Further, notice by U.S. mail, along with the National Change of Address search, has been approved by
numerous courts and, therefore, the Parties agreed to notice by U.S. mail.  (*Id.*)  A list of cases in which
Simpluris was appointed as the settlement administrator in cases involving Plaintiff's counsel is set forth
in their declarations.  (Lee Decl. ¶ 18; Hyun Decl. ¶ 10).  Again, the costs for the settlement
administration are not to exceed $6,500.00.  Plaintiff and her counsel believe that this amount is
reasonable in relation to the value of the settlement, as the administration costs account for only 2.4% of
the Maximum Settlement Fund.  The administration costs will be deducted from the Maximum
Settlement Amount.

## III.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court (1) grant preliminary
approval for the proposed class action settlement; (2) authorize the mailing of the proposed notice to the
class of the settlement; and (3) schedule a "fairness hearing," i.e. a hearing on the final approval of the
settlement.


DATED:  September 27, 2021              DIVERSITY LAW GROUP, P.C.


                                       By:    /s/ Larry W. Lee
                                           Larry W. Lee
                                       Attorneys for Plaintiff and the Class