DIVERSITY LAW GROUP, P.C.
Howard L. Magee (State Bar No. 185199)
hmagee@diversitylaw.com
Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone:   (213) 488-6555
Facsimile:   (213) 488-6554

POLARIS LAW GROUP
William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:   (831) 531-4214
Facsimile:   (831) 634-0333

HYUN LEGAL, APC
Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone:   (213) 488-6555
Facsimile:   (213) 488-6554

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY ANN JULIAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:20-cv-09446-VC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:                    March 10, 2022<br>Time:                    10:00 a.m.<br>Courtroom:                    4<br>Judge:            Hon. Vince Chhabria<br><br>Complaint Filed:      November 16, 2020 |

**TO THE COURT, DEFENDANT, AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 10, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff, Joy Ann Julian, will and hereby does move the Court for an Order granting final approval of the proposed class action settlement. In connection with this motion, Plaintiff also has separately moved the Court for an order approving (i) Class Counsel's application for attorneys' fees in the amount of $91,666.67 (equal to 33⅓% of the gross settlement amount of $275,000.00), reimbursement of costs in the amount of $7,697.30, and class representative service payment of $5,000.00 to Plaintiff in connection with the class action and PAGA settlement reached in this case.

Given that this motion seeks final approval of a settlement with Defendant, Walgreen Co., Plaintiff is informed and believes that Defendant will not oppose this motion.

The Motion is based on this notice, accompanying memorandum of points and authorities, the accompanying declarations of Larry W. Lee, Simon L. Yang, Dennis S. Hyun, Joy Ann Julian, and Meagan Brunner, all pleadings and papers on file herein, and any further oral and documentary evidence as may be presented before or at the hearing of this matter.

DATED: February 3, 2022

DIVERSITY LAW GROUP, P.C.
HYUN LEGAL, APC
POLARIS LAW GROUP


By: ___ */s/ Larry W. Lee* _____
      Larry W. Lee
      Attorneys for Plaintiff

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

SUMMARY OF THE SETTLEMENT ................................................................................. 2

DISCUSSION ......................................................................................................................... 2

I.      The Settlement Procedure Achieves Due Process. ...................................................... 2

        A.      Class Members Were Provided Proper Notice. ................................................. 3

        B.      Class Members Have Neither Objected Nor Requested Exclusion. ................... 3

II.     The Settlement Exceeds the Standards for Final Approval ......................................... 3

        A.      The Strength of Plaintiff's Case Supports Settlement. ...................................... 4

        B.      Risks, Expense, and Duration of Continued Litigation Supports Settlement. ................. 55

        C.      The Settlement Amount Favors Approval of the Settlement. ............................ 5

        D.      The Extent of Discovery and Investigation Favors Approval of the Settlement. .............. 7

        E.      The Recommendations of Counsel Favor Approval of the Settlement. ........................... 7

        F.      The Response by the Class Favors Approval of the Settlement. ........................ 8

        G.      The Procedure Resulting in Settlement Supports Approval of the Settlement. .................. 8

III.    THE ADMINISTRATOR'S COSTS SHOULD BE APPROVED ............................................. 10

CONCLUSION..................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Armstrong v. Board of Sch. Dirs.*, 616 F.2d 305 (7th Cir. 1980)..................................................7

*Bellinghausen v. Tractor Supply Co.*, 2015 WL 1289342 (N.D. Cal. Mar. 20, 2015) .............................6

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979) ..................................................7

*Carrington v. Starbucks Corp.*, 30 Cal. App. 5th 504 (2018)..................................................4

*Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848 (N.D. Cal. 2010) ...............................4, 7, 8, 9

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir .2004)..................................................8

*Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992) ..................................................3

*Dyer v. Wells Fargo Bank, N.A.*, 2014 WL 5369395 (N.D. Cal. Oct. 22, 2014)...........................4, 5, 7, 8

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15 (N.D. Cal. 1980) ..................................................7

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..................................................3, 4, 9

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000)..................................................5, 6, 7

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008)..................................................8

*Joel A. v. Giuliani*, 218 F.3d 132 (2nd Cir. 2000) ..................................................3

*Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal. 1988) ..................................................7

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998) ..................................................9

*Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764 (N.D. Cal. Aug. 28, 2013) ..................................................4

*Officers for Justice v. Civil Service Comm'n of City and. County of San Francisco*, 688 F.2d 615 (9th. Cir. 1982) .................8, 9

*Pallas v. Pacific Bell*, 1999 WL 1209495 (N.D. Cal. July 13, 1999) ..................................................8

*Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir. 1983)..................................................7

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009)..................................................9

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA EMC, 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)...............6

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983)..................................................7, 9

**Other Authorities**

4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* §§ 11.24, 11.45 (4th Ed. & Supp. 2002).........5, 9

*Manual for Complex Litigation, Fourth* §§ 21.6, 30.42 (Fed. Jud. Ctr., 4th ed. 2004) ..................................................8, 9

ii

1

**INTRODUCTION**

2      On November 18, 2021, the Court granted preliminary approval a classwide settlement reached

3 between Plaintiff, Joy Ann Julian, and Defendant, Walgreen Co. Dkt. No. 41 (the "Order Granting

4 Preliminary Approval"). The preliminarily approved settlement obtains a substantial recovery on behalf

5 of the Class. It requires Defendant to pay a total of $275,000.00. The settlement payment is non-

6 reversionary, so no amounts will revert back to Defendant. The settlement does not require any claims

7 process, so class members will automatically receive their payments. Meanwhile, because the Complaint

8 alleged focused claims, class member releases are similarly limited.

9      Following the Order Granting Preliminary Approval, Class Counsel and the Settlement

10 Administrator complied with all of the Court's orders in connection with the Order Granting Preliminary

11 Approval. Class members were provided notice of the settlement and its terms. They were informed of

12 the litigation, settlement payment, and release. They also were notified that Class Counsel would apply

13 for attorneys' fees in the amount of $91,666.67 (or 33⅓% of the gross settlement amount),

14 reimbursement of costs up to $25,000.00 (an amount far exceeding the $7,697.30 ultimately being

15 sought), and a class representative service payment of $5,000.00 to Plaintiff. In addition to these details,

16 class members also were alerted of their rights to object to or to opt out of the settlement.

17      Following notice to the Class, to date each and every single class member will participate in the

18 settlement upon final approval; ***not even one class member has requested exclusion***. Declaration of

19 Meagan Brunner ("Brunner Decl.") ¶ 6. Nor have there been any class member objections to final

20 approval of the settlement; ***not a single class member has objected to the settlement***. *Id.*[1] The Class's

21 response to the settlement confirms that the settlement previously warranting the Court's preliminary

22 approval is deserving of final approval. It also supports the approval of the requested attorneys' fees,

23 costs, and class representative service payment, which are discussed in Plaintiff's separate motion

24 noticed to be heard at the same time as this motion. See Dkt. No. 42. Plaintiff's motion for attorneys'

25 fees, costs, and class representative service payment were uploaded to the Administrator's website on or

26

27 ───────────────
[1] The response deadline is February 10, 2022 and Ms. Brunner will submit a supplemental declaration
after the response deadline, but before the hearing as to any additional opt-outs, objections and/or
28 disputes. Brunner Decl. ¶ 14.

1

1  about January 31, 2022, and as of the date of this filing, no class member has objected to the fees, costs,

2  or service award sought. Brunner Decl. ¶ 9.

3      For the benefit of the Class, the Court should grant final approval of the class action settlement.

4  **SUMMARY OF THE SETTLEMENT**

5      As previously detailed in the motion for preliminary approval, this class and representative

6  action pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA") alleges that

7  Defendant failed to Plaintiff and class members their sick pay wages at the regular rate of pay. Dkt. No.

8  32. Pursuant to the Northern District of California's Procedural Guidelines for Class Action Settlements,

9  Plaintiff does not repeat the case history and background facts set forth in Plaintiff's separately pending

10  motion for approval of attorneys' fees, costs, and class representative service award. Dkt. No. 42.

11  Relevant litigation history and background are instead referenced below where relevant.

12      On July 20, 2021, the Parties attended an all-day mediation before Steve Pearl. After a full day of

13  negotiations, the Parties were able to resolve the case on a class-wide basis. Declaration of Larry W. Lee

14  ("Lee Decl."), Dkt. No. 42-1 ¶ 4. The resolution requires Defendant to pay the entirety of a $275,000.00

15  settlement sum, without any reversion to Defendant. Additional terms were summarized in Plaintiff's

16  motion for preliminary approval, which Plaintiff incorporates to avoid unnecessary duplication. The

17  essential terms of the settlement are set forth in the Revised Notice of Class Action Settlement. Dkt. No.

18  38-1, Ex. 1 ("Notice Packet"). Detailed terms of the settlement are set forth in the Amended Stipulation

19  of Class Action Settlement and Release of Claims. Dkt. Nos. 32-8, 38-1 ("Settlement Agreement").

20      On November 18, 2021, the Court granted preliminary approval of the settlement. Dkt. No. 41.

21  As discussed below, the proposed settlement meets the criteria for final approval, which are set forth in

22  the Manual for Complex Litigation, Fourth, and is well within the range of what would be fair,

23  reasonable, and adequate in this case. Plaintiff thus requests that the Court take the final step in the

24  approval process to grant the requested final approval of the settlement which is sought herein.

25  **DISCUSSION**

26  **I.    The Settlement Procedure Achieves Due Process.**

27      Following preliminary approval, the settlement procedures required by the Order Granting

28  Preliminary Approval have been dutifully followed. The Order Granting Preliminary Approval

1  appointed Simpluris, Inc. as the Settlement Administrator. Dkt. No. 41. Class Counsel and the

2  Settlement Administrator have ensured due process for the Class, who are in favor of approval.

3      **A.    Class Members Were Provided Proper Notice.**

4      On December 27, 2021, the Court-approved Notice Packet was mailed to each Class Member via

5  First Class regular mail. Brunner Decl. ¶ 6. As of the date of this filing, only eight (8) Notice Packets

6  were returned as undeliverable. *Id.* After conducting a skip-trace and remailing the returned Notice

7  Packets with the updated addresses, none have been returned as undeliverable as of the date of this

8  filing. *Id.* ¶ 7. In accordance with the Court's instructions, the Notice Packet informed Class Members

9  about the terms of the settlement. *Id.* ¶ 6, Ex. A.

10      **B.    Class Members Have Neither Objected Nor Requested Exclusion.**

11      As of the date of this filing, not one of the 353 Class Members have objected in any way, to any

12  degree, to the terms of the Settlement including Class Counsel's requested award of fees and costs or

13  Plaintiff's requested service payment. Brunner Decl. ¶ 13. Further, as of the date of this filing, no Class

14  Members have opted out of the settlement. *Id.* ¶ 12. The 100% participation rate and overwhelmingly

15  positive reaction of the Class is a clear indication of the Class's approval of the settlement.

16      As Class Members were provided 45 days (through February 10, 2022) to respond to the Notice

17  Packet, the Settlement Administrator will submit a supplemental declaration after the response period

18  ends but before the March 10, 2022 hearing to provide any updated information. Brunner Decl. ¶ 14.

19  **II.    The Settlement Exceeds the Standards for Final Approval**

20      Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must

21  receive Court approval. The court has broad discretion to grant such approval and should do so where

22  the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v.

23  Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir.

24  2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has a

25  "strong judicial policy that favors settlement, particularly where complex class action litigation is

26  concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

27      The fairness, reasonableness, and adequacy of any class action settlement depends on "the

28  relative strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further

litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; … and the reaction of class members to the proposed settlement." *Hanlon* 150 F.3d at 1026. Here, as set forth in the motion for preliminary approval and as discussed below, the relevant considerations merit final approval of the settlement.

### A.    The Strength of Plaintiff's Case Supports Settlement.

This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). While Plaintiff believes that she would prevail on class certification and the merits, (and while there is ample case law to support Plaintiff's contentions in this matter), there was no guarantee. Indeed, Defendant continues to deny liability or wrongdoing of any kind associated with the claims alleged by Plaintiff and further denies that, for any purpose other than that of settling this lawsuit, the action is appropriate for class treatment.

Again, while Plaintiff contends that she would be able to obtain class certification and a judgment in favor of the Class, Plaintiff acknowledges that there still would be additional hurdles that Defendant would interpose with respect to remedies. Defendant would argue the availability of penalties for the Class, based on the willfulness of its conduct or its good faith, and under PAGA, based on the Court's discretion to equitably reduce penalties awarded. Indeed, in some instances the California Court of Appeals has affirmed 90% reductions in awarded penalties. *E.g., Carrington v. Starbucks Corp.*, 30 Cal. App. 5th 504 (2018). Here, the total PAGA exposure is $64,800.00. (Lee Decl., Dkt. No. 42-1 ¶ 4). If this Court reduced the PAGA penalties by 90%, as the trial court did in *Carrington*, then the total exposure would be only $6,480.00.

As further discussed below in discussion about the settlement amount, this factor favors approval. *Dyer v. Wells Fargo Bank, N.A.*, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) (explaining this factor favors final approval where "[p]laintiffs acknowledge that, if the settlement is not approved, they will encounter significant obstacles"); see *also Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764, at *5 (N.D. Cal. Aug. 28, 2013) (finding that the relative strength of plaintiffs' case favored settlement because plaintiffs admitted they would face hurdles in proving liability and damages).

4

**B.    Risks, Expense, and Duration of Continued Litigation Supports Settlement.**

"Difficulties and risks in litigating weigh in favor of approving a class settlement." *Dyer*, 2014 WL 5369395, at *3 (citation omitted). In addition to the obstacles set forth above, even if Plaintiff had prevailed at trial, there was a likelihood that Defendant would have appealed the verdict. Thus, the risks, expense, and duration of continued litigation favor final approval of the settlement. *Id.* ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

Plaintiff believes that a class would be certified. But Plaintiff also believes in the fairness of the settlement when reasonably considering the uncertainty and risks to the Class and potential for not prevailing on one or more of the causes of action or theories alleged in the Complaint, the possibility of non-certification, and the potential for appeals. In sum, Plaintiff recognizes that there is always a risk that the court will not grant certification of the class and that the class will not be entitled to any recovery. Based on the foregoing, there was a substantial risk that Plaintiff would not have obtained the total recovery alleged. Avoiding the risks and uncertainties of further litigation benefits the Class and supports granting final approval.

**C.    The Settlement Amount Favors Approval of the Settlement.**

The standard of review for class settlements is whether the settlement is within a range of reasonableness. As Professor Newberg comments:

> Recognizing that there may always be a difference of opinion as to the appropriate value of settlement, the courts have refused to substitute their judgment for that of the proponents. Instead the courts have reviewed settlements with the intent of determining whether they are within a range of reasonableness … .

4 Newberg on Class Actions, at §11.45. Here, the settlement achieves an excellent result for the Class. The $275,000.00 settlement payment represents approximately 47% of the total potential exposure calculated for mediation.

Numerous courts have held that gross settlements approximating between only 8% to 25% of the defendant's potential exposure are fair and reasonable. *See, e.g., In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir.2000) (holding that a class action settlement recovering 16% of potential exposure was fair and reasonable; "It is well-settled law that a cash settlement amounting to only a

fraction of the potential recovery does not per se render the settlement inadequate or unfair. Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment"; noting that whether the settlement is fair and adequate depends on the "the difficulties in proving the case"); *Bellinghausen v. Tractor Supply Co.*, 2015 WL 1289342, at *6 (N.D. Cal. Mar. 20, 2015) (holding that class action settlement recovering between 8.5% and 25% of the defendant's potential exposure was fair).

As discussed in the motion for preliminary approval, Defendant provided to Plaintiff detailed pay and time data for the **entire** Class, which included the number of payroll periods at issue. From this data, Plaintiff's counsel was able to calculate the maximum exposure, which is $584,600.00, which was based on approximately $5,000.00 owed due to unpaid sick pay wages or restitution, approximately $450,000.00 owed due to waiting-time penalties, approximately $64,800.00 in wage statement penalties, and $64,800 in PAGA penalties. Lee Decl., Dkt. No. 42-1 ¶ 4. Thus, the $275,000.00 Settlement represents 47% of the total potential exposure. This percentage of recovery is much higher than settlements approved in other class actions. *See*, *e.g.*, *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (holding that class action settlement recovering 16% of potential exposure was fair and reasonable; "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair. Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment"; noting that whether the settlement is fair and adequate depends on the "the difficulties in proving the case"); *Bellinghausen v. Tractor Supply Co.*, 2015 WL 1289342, at *6 (N.D. Cal. Mar. 20, 2015) (holding that class action settlement recovering between 8.5% and 25% of the defendant's potential exposure was fair); *Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (holding that gross class action settlement of approximately 15% of the potential recovery was fair and reasonable).

Moreover, because Class Counsel seeks reimbursement of a lower amount of costs than estimated at preliminary approval, the amount Class Members will receive from the settlement has increased. On average, each class member will receive a payment of approximately $416.53, with the highest payment being $3,116.72. Brunner Decl. ¶ 16.

1    Given the excellent amount recovered for the Class, this favor weighs in favor of final approval.

2    **D.    The Extent of Discovery and Investigation Favors Approval of the Settlement.**

3    Plaintiff conducted formal written discovery, including propounding interrogatories and requests

4    for production. Plaintiff obtained and reviewed Defendant's discovery responses and document

5    production. Lee Decl., Dkt. No. 42-1 ¶ 3. In connection with the mediation, Defendant then provided

6    Plaintiff with data for the entire class, which permitted Plaintiff's counsel to conduct a damage analysis.

7    *Id.* ¶ 4.

8    Such discovery and investigation are sufficient for parties to make an informed decision

9    regarding the adequacy of the settlement. *See*, *e.g.*, *Dyer*, 2014 WL 5369395, at *3 (explaining parties'

10   participation in written discovery, depositions, witness interviews, and formal mediation favors an

11   informed settlement); *Chun-Hoon*, 716 F. Supp. 2d at 848 (favoring settlement where "true value of the

12   class claims is well-known and class counsel possess a sufficient understanding of the issues involved

13   and the strengths and weaknesses of the case"); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454,

14   459 (9th Cir. 2000) (formal discovery not necessary where the parties have sufficient information to

15   make an informed decision about settlement).

16   **E.    The Recommendations of Counsel Favor Approval of the Settlement.**

17   The recommendations of experienced counsel should be given considerable weight. *Boyd v.*

18   *Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15,

19   18 (N.D. Cal. 1980), ("[T]he fact that experienced counsel involved in the case approved the settlement

20   after hard-fought negotiations is entitled to considerable weight."); *Kirkorian v. Borelli*, 695 F. Supp.

21   446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983); *Williams*

22   *v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983), *Armstrong v. Board of Sch. Dirs.*, 616 F.2d 305, 325

23   (7th Cir. 1980).

24   Lead counsel for Plaintiff has broad experience litigating employment class actions. Lee Decl.,

25   Dkt. No. 42-1 ¶¶ 8-10; Declaration of Simon L. Yang ("Yang Decl."), Dkt. No. 42-2 ¶¶ 2-5; Declaration

26   of Dennis S. Hyun ("Hyun Decl."), Dkt. No. 42-3 ¶¶ 3-6. They support this settlement as a fair and

27   reasonable settlement which is in the best interest of the settlement class. Lee Decl., Dkt. No. 42-1 ¶¶ 3-

28   5; Yang Decl., Dkt. No. 42-2 ¶¶ 6-7; Hyun Decl., Dkt. No. 42-3 ¶¶ 7-9. Therefore, this factor favors

7

approval of the settlement. *See Dyer*, 2014 WL 5369395, at *3 (recommendation of plaintiffs' counsel supports approval of settlement); *Chun-Hoon*, 716 F. Supp. 2d at 848 (same).

### F. The Response by the Class Favors Approval of the Settlement.

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that" the settlement is favorable to class members. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008), *see Pallas v. Pacific Bell*, 1999 WL 1209495, at *6 (N.D. Cal. July 13, 1999) ("The greater the number of objectors, the heavier the burden on the proponents of settlement to prove fairness.").

Here, as of the date of this filing, **not a single class member out of 353 individuals has objected or opted out** of this settlement. Brunner Decl. ¶¶ 12-13. In other words, this settlement has a 100% participation rate. *Id.* The absence of any objections or opt-outs as of the date of this filing strongly support the fairness of the settlement. *See Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir .2004) (approving settlement with 45 objections and 500 opt-outs from a 90,000-person class, representing .05% and .56% of the class, respectively); *Dyer*, 2014 WL 5369395, at *4 (strong support from class in favor of approving settlement where only three of 8,695 class members opted out); *Chun–Hoon*, 716 F. Supp. 2d at 852 (where 16 of 329 class members opted out, court found that positive class reaction "strongly supports settlement").

### G. The Procedure Resulting in Settlement Supports Approval of the Settlement.

The Ninth Circuit has recognized that the factors to be examined at final approval may differ depending on the circumstance of each case. *Officers for Justice*, 688 F.2d at 625. In addition to the factors from *Officers for Justice*, the procedures by which the settlement was achieved also strongly support the fairness of the settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 ("To these factors, the court adds as a ninth factor to consider the procedure by which the settlement was arrived at … .") (citing *Manual for Complex Litigation* (Fourth) § 21.6 (2004)).

As noted above, the parties participated in arm's length negotiations, including one full day of a mediation before Steve Pearl, who was able to facilitate this settlement. The Ninth Circuit has shown longstanding support of settlements reached through arm's length negotiation by capable opponents. In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth Circuit expressly opined

8

1    that courts should defer to the "private consensual decision of the [settling] parties." *Id*. at 965 (citing

2    *Hanlon*, 150 F.3d at 1027).

3        The Ninth Circuit in *Rodriguez* found that the settling parties "put a good deal of stock in the

4    product of an arms' length, non-collusive, negotiated resolution, and have never prescribed a particular

5    formula by which that outcome must be tested." *Rodriguez*, 563 F.3d at 965 (citations omitted). As the

6    Court explained, "[i]n reality, parties, counsel, mediators, and district judges naturally arrive at a

7    reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the

8    potential recovery, and the chances of obtaining it, discounted to present value." *Id*. at 965 (citations

9    omitted).

10       The primary reason for deferring to such settlements is the experience of counsel and the

11   participation of a neutral, both of which factors are present here. This weighs in favor of approval of the

12   settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 (finding that use of formal arm's-length mediation

13   supported approval of settlement agreement); *accord Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th

14   Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently

15   evaluated the strength of his proofs"); 4 Newberg on Class Actions, at § 11.24 (4th Ed. & Supp. 2002);

16   Manual For Complex Litigation (Fourth) § 30.42).

17       The proposed settlement has no deficiencies. There is no standard or benchmark for determining

18   whether any given settlement is fair. "Ultimately the district court's determination is nothing more than

19   'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice,* 688

20   F.2d 615, 625 (9th. Cir. 1982) (citation omitted). In making its determination, the Court should weigh

21   the benefits that the settlement will realize for the class against the uncertainty of litigation and the

22   possibility that the class members would obtain no relief in the absence of a settlement. *See Linney v.*

23   *Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("it is the very uncertainty of outcome in

24   litigation and avoidance of wasteful and expensive litigation that induce consensual settlements").

25       The settlement has been reached after considerable investigation, litigation, negotiation, and

26   involving the mediation efforts of a highly experienced mediator. Each side evaluated the strengths and

27   weaknesses of their case and independently came to the conclusion that this settlement represents a

28

1 | responsible means of addressing the claims of Plaintiff and the Class, as well as Defendant's contention
2 | that it would prevail on the merits.
3 |       In sum, the mediated resolution of this action resulted in a settlement for the benefit of the Class.
4 | No applicable consideration weighs against final approval. That in itself favors final approval.

## III. THE ADMINISTRATOR'S COSTS SHOULD BE APPROVED

The Court appointed Simpluris, Inc. as the Settlement Administrator. Simpluris, Inc. incurred $8,600.00 in administration costs. As the costs were reasonable in light of the Settlement Administrator's dutiful administration of the settlement. *See generally* Brunner Decl. Plaintiff thus respectfully requests that the Court award Simpluris, Inc. its costs in the amount of $8,600.00.

## CONCLUSION

Defendant does not oppose the motion for final approval. Upon notice of the settlement, no Class Member has submitted a written objection to the settlement, and no Class Member has opted out of the Class. All Class Members will benefit and, on average, receive more than $416, with the highest award being $3,116.72. Brunner Decl. ¶ 16. For the foregoing reasons and for the benefit of the Class, Plaintiff respectfully requests that the Court:

1.     Grant final approval of the proposed settlement;

2.     Order payment of $8,600.00 from the settlement proceeds to the Settlement Administrator;

3.     Order payments from the settlement proceeds to Class Counsel and Plaintiff pursuant to the terms of the Settlement Agreement;

4.     Enter the proposed Final Approval Order and Judgment submitted herewith; and

5.     Retain continuing jurisdiction over the implementation, interpretation, , and consummation of the settlement.

DATED: February 3, 2022

                                          DIVERSITY LAW GROUP, P.C.
                                          HYUN LEGAL, APC
                                          POLARIS LAW GROUP

                                          By:    */s/ Larry W. Lee*
                                                Larry W. Lee
                                            Attorneys for Plaintiff