DIVERSITY LAW GROUP, P.C.
Howard L. Magee (State Bar No. 185199)
hmagee@diversitylaw.com
Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone:   (213) 488-6555
Facsimile:   (213) 488-6554

POLARIS LAW GROUP
William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:   (831) 531-4214
Facsimile:   (831) 634-0333

HYUN LEGAL, APC
Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone:   (213) 488-6555
Facsimile:   (213) 488-6554

Attorneys for Plaintiff and the Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOY ANN JULIAN, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>WALGREEN CO., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 3:20-cv-09446-VC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** AS MODIFIED<br><br>Date:　　　　　　　　　March 10, 2022<br>Time:　　　　　　　　　10:00 a.m.<br>Courtroom:　　　　　　　　4<br>Judge:　　　　　Hon. Vince Chhabria<br><br>Complaint Filed:　　November 16, 2020 |

This matter came on for hearing on March 10, 2022, at 10:00 a.m. Plaintiff, Joy Ann Julian, moves for final approval of a class action settlement and for judgment in this action on the terms set forth in the Amended Stipulation of Class Action Settlement and Release of Claims ("Settlement"). Dkt. Nos. 32-8, 38-1. Defendant, Walgreen Co., does not oppose. The Court has considered the Settlement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed settlement in this action, *Julian v. Walgreen Co.,* Case No. 3:20-cv-09446-VC ("the Action"). Due and adequate notice having been given to the members of the Class, and good cause appearing, the Court finds that:

On November 16, 2020, Plaintiff commenced the Action in the Superior Court for the State of California, County of San Mateo. Specifically, Plaintiff alleges that Defendant failed to pay sick pay wages at the regular rate of pay. The Complaint alleges that Defendant did not factor non-discretionary remuneration, including shift differentials and/or shift premiums, into the regular rate of pay for purposes of calculating and paying sick pay wages. On December 29, 2020, Defendant file its Answer. On December 31, 2020, Defendant filed a Notice of Removal of Action to the United States District Court for the Northern District of California pursuant to diversity jurisdiction.

Plaintiff alleged four causes of action on behalf of all current and former non-exempt California employees who were paid sick pay in the same workweek in which they earned any non-discretionary incentive wages from Defendant at any time since May 20, 2016, and as a proxy for the State of California pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"). The class action and PAGA causes of action alleged: (1) violation of Labor Code §§ 201-204, 233, and 246; (2) violation of Labor Code § 226; (3) violation of Labor Code § 2698 et seq.; and (4) unfair or unlawful business practices. Defendant expressly denies the allegations of wrongdoing and violations of law alleged in this Action; and further denies any liability whatsoever to Plaintiff or others.

Without admitting any liability, claim, or defense, the Parties determined that to settle the Action and avoid the costs, delay, uncertainty, and disruption of ongoing litigation. On November 18, 2021,the Court granted preliminary approval of the Parties' Settlement. Dkt. No. 41 (the "Preliminary Approval Order"). On December 27, 2021, the Notice of Class Action Settlement ("Class Notice") was sent to Class Members in accordance with the Preliminary Approval Order.

A fairness hearing on the proposed settlement having been held and a decision reached, the Court grants final approval of the class action settlement, and IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Action, Defendant, and the Settlement Class Members.

1. The Court has determined that the Class Notice given to Class Members fully and accurately informed all Class Members of all material elements of the proposed class action settlement—including the monetary provisions, the plan of allocation, the release of claims, and the proposed awards of attorneys' fees, costs, and Class Representative Service Payment— constituted the best notice practicable under the circumstances, constituted valid, due, and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

2. The Court hereby grants final approval of the Settlement as fair, reasonable, and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement pertaining to the distribution of the settlement payment in accordance with the terms of the Settlement.

3. The plan of distribution as set forth in the Settlement providing for the distribution of the Net Settlement Amount to Settlement Class Members is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. As previously held in the Preliminary Approval Order, the Class for settlement purposes is appropriate under Rule 23 and related case law and is defined as follows:

> All current and former non-exempt California employees who were paid sick pay in the same workweek in which they earned any nondiscretionary incentive wages from Defendant at any time during the Class Period, or May 16, 2016, through November 18, 2021.

5. No individual requested exclusion from the Class.

6. As previously held in the Court's Preliminary Approval Order, the Court appoints Diversity Law Group, P.C., Polaris Law Group, and Hyun Legal APC as Class Counsel.

7. The Court approves payment of a Class Representative Service Payment of $5,000.00 to Plaintiff for her service to the Class, which shall be paid from, and not in addition to, the Total Settlement Amount.

8. The Court approves the payment of attorneys' fees in the amount of $68,750.00 to Class Counsel, which shall be paid from, and not in addition to, the Total Settlement Amount. Ten (10) percen of the attorneys' fees awarded will be held back pending the filing of a Post-Distribution Accounting by Class Counsel. The Post-Distribution Accounting shall be filed within twenty-one (21) days after the distribution of the settlement funds (but before distribution to cy pres recipients) and should explain in detail when cash payments were sent to Class Members, the number of members who were sent payments, the total amount of payments paid out to Class Members, the average and median recovery per Class Member, the largest and smallest amounts of cash payments paid to Class Members, the number and value of cashed and uncashed checks, the amount to be distributed to any cy pres recipient, any significant or recurring concerns communicated by Class Members to the Settlement Administrator and counsel since final approval, and any other issues in settlement administration since final approval, and how any concerns or issues were resolved. Class Counsel are expected to diligently supervise the administration of the Settlement and remain in close contact with the Settlement Administrator. With the Post-Distribution Accounting, Class Counsel should submit a proposed order releasing the remainder of the fees.

9. The Court also approves the additional payment of attorneys' costs in the amount of $7,697.30 to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Total Settlement Amount.

10. The Court approves a payment of up to $8,600 to the Settlement Administrator out of the Total Settlement Amount.

11. Any checks for Individual Settlement Payments that are not cashed within 180 days shall be redistributed to those Settlement Class Members who received and cashed their Individual Settlement Payment check, and any of the redistribution checks that are not cashed within 180 days shall be transmitted to Legal Aid At Work.

12. All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff and Settlement Class Members pursuant to the terms of the Settlement. Each party shall bear his, her, or

1   its own costs and attorneys' fees, except as provided in the Settlement and as set forth above in this
2   Order or any other Order issued in response to the application by Class Counsel for an award of
3   attorneys' fees, costs, and Class Representative Service Award, which was heard concurrently with the
4   hearing for this Order.

5       13.    Upon entry of this Order and the accompanying Judgment, the claims in this Action and
6   the Class Members' Released Claims for each Settlement Class Member against Defendant, and against
7   any and all of the Released Parties defined in the Settlement are fully, finally, and forever released,
8   relinquished, and discharged pursuant to the terms of the Settlement to the maximum extent permitted
9   by law. The Class Members' Released Claims are defined as follows:

> [A]ny and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, contingent or accrued, that are alleged, related to or that reasonably could have arisen out of the same facts alleged in causes of action numbers 1 through 4 in the Action, including, but not limited to: (1) violation of Labor Code §§ 201-204, 233, and 246; (2) violation of Labor Code § 226; (3) violation of Labor Code § 2698 et seq.; and (4) unfair or unlawful business practices. This Release shall include, without limitation, claims that were raised, or that reasonably could have been raised, under the applicable Wage Orders and California Labor Code provisions, including Labor Code §§ 201-204, 210, 226, 226.3, 233, 246, and/or 2698 et seq., based on alleged violations of these Labor Code provisions (collectively, the "Released Claims"). The period of the Released Claims shall be the Class Period. The Parties agree that the judgment, and release of claims provided herein, shall have res judicata effect. The definition of Released Claims shall not be limited in any way by the possibility that Plaintiff or Settlement Class Members may discover new facts or legal theories or legal arguments not alleged in the operative pleadings in the Action but which might serve as an alternative basis for pursuing the same claims, causes of action or legal theories of relief falling within the definition of Released Claims. (the "Release Period").

20       14.    Each Settlement Class Member is bound by this Order and the Judgment, including,
21   without limitation, the release of claims as set forth in the Settlement.

22       15.    This Order, the Judgment, the Settlement, and all papers related thereto, are not, and shall
23   not be construed to be, an admission by Defendant of any liability, claim, or wrongdoing whatsoever,
24   and shall not be offered as evidence of any such liability, claim, or wrongdoing in this Action or in any
25   other proceeding.

26       16.    Without affecting the finality of this Order and the accompanying Judgment filed
27   herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff, the
28   Settlement Class Members, and Defendant for the purposes of supervising the implementation,

1  enforcement, construction, and interpretation of the Settlement, Preliminary Approval Order,
2  distribution of the Class Settlement Amount, the Final Judgment, and this Order.
3      IT IS SO ORDERED.

DATED: March 21, 2022



HON. VINCE CHHABRIA

GRANTED
Judge Vince Chhabria

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT